19188

Richard Dean GILES, Respondent, v. Zeb RUSSELL, Appellant
(180 S. E. (2d) 201)

*Messrs. Burroughs & Green* of Conway, *for Appellant,*

*Messrs. E. Windell McCrackin* and *H. Eugene Hudson,* of Myrtle Beach, *for Respondent,*

March 23, 1971.

LITTLEJOHN, Justice:

This action was brought for personal injuries sustained when a dog ran after the plaintiff, who was riding a motorcycle. The motorcycle struck the dog, causing it to throw its riders to the ground. The jury returned a verdict in favor of the plaintiff against the owner of the dog. The defendant has appealed; we affirm.

On June 29, 1969, the plaintiff was driving a motorcycle on Woodland Drive in Garden City Beach. Behind him on the same motorcycle was a passenger, Douglas Green. They were proceeding from Highway 17 easterly toward the ocean. As they passed the home of the defendant his big, black, German Shepherd dog raced into the street, barking in a threatening-to-bite manner, and was hit by the

motorcycle. As a result of the fall plaintiff was thrown against the ground and suffered personal injuries, including a broken leg. Plaintiff brought this action, alleging negligence on the part of the defendant as follows:

"(a) In keeping on his premises a vicious dog;

"(b) In failing to keep a vicious dog confined;

"(c) In failing to keep a vicious dog on a leash;

"(d) In failing to warn others that a vicious dog was kept on the premises."

The defendant, by his answer, interposed a general denial and alleged contributory negligence on the part of the plaintiff as a bar to recovery. Defendant contends that the dog was not of a vicious nature and that even if it was of a vicious nature, he had no knowledge thereof.

Appellant presents two issues for determination by this court. First, he contends there was no credible evidence from which the jury could infer that the dog was vicious. On this point both parties rely on our case of *Mungo v. Bennett,* 238 S. C. 79, 119 S. E. (2d) 522 (1961). It is the rule in this State that domestic animals are not presumed to be dangerous to persons, and before recovery of damages may be had against the owner, the injured party must prove that the particular animal was of a dangerous, or vicious, nature, and that his dangerous propensity was either known, or should have been known to the owner. The negligence that imposes liability upon the owner is the keeping of a dangerous animal with knowledge of its dangerous tendencies, or in the failure to restrain it from injuring persons. The popular notion that a dog is entitled to one free bite before the owner may be held liable is not the law. *M'Caskill v. Elliott,* 5 Strob. 196.

We think that the evidence relative to the conduct of the dog was sufficient to raise the inference that it was of a vicious or dangerous disposition. The testimony of two of the witnesses for the plaintiff is relevant on this point. Police Officer Morris of the Horry County police

department testified that he encountered a German Shepherd dog in the defendant's yard; the dog forced Morris back into the car. As he backed out of the yard and into the street, the dog leaped onto the side of the car; he shot it in the face with tear gas. This incident occurred after the accident of June 29, 1969. However, such is relevant because it is not likely that the traits of an animal will change rapidly. It is on this theory that evidence of viciousness by an animal subsequent to an accident is admitted to prove vicious tendencies on an earlier date.

Mrs. Joann Jones testified that she drove into the defendant's yard and the dog would not let her out of the car. She testified this was in the summertime of 1969, although she could not specify the month.

Appellant also contends that there was no evidence before the court from which it could be inferred that he knew or should have known of the vicious propensities of the dog. The appellant testified that he did not consider the dog to be vicious; however, he admitted that the dog did not like for strangers to get out of the car and walk toward his house. He further admitted that he had seen him "bark at people and growl, and they didn't bother him then."

In order to recover it was not necessary for the plaintiff to prove that the dog had actually chased persons before, nor was it necessary to prove that it had done damage to persons before. It is sufficient to make a jury issue to present evidence which tends to establish that the dog was generally of a mischievous disposition, and to show that the owner had seen or heard enough to put him on notice that he should anticipate injury to others. We think that the evidence made issues of fact for the jury rather than questions of law for the judge. Accordingly, the judgment of the lower court is

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.