20017

J. A. TINSLEY, Plaintiff-Respondent, v. The ERVIN COMPANY et al., Appellants, C. W. BAKER GRADING COMPANY and W. V. McGREW and Sons, Defendants-Respondents.

(216 S. E. (2d) 170)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* and *Love, Thornton, Arnold & Thomason,* and *Pyle & Pyle,* of Greenville, *for Appellant,*

*Messrs. Horton, Drawdy, Marchbanks, Ashmore, Chapman & Brown,* of Greenville, *for Respondent, C. W. Baker Grading Company,*

*Messrs. Younts, Reese & Cofield,* of Greenville, *for Plaintiff-Respondent,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* and *Love, Thornton, Arnold & Thomason,* and *Pyle & Pyle,* of Greenville, *for Appellant, in Reply.*

May 26, 1975.

*Per Curiam:*

The plaintiff, J. A. Tinsley, is the owner of 24 acres of land in Greenville County. Adjacent to and west of Tinsley's property the defendant, The Ervin Company, purchased and developed a large tract of land into a residential subdivision.

In the development of the Ervin subdivision, C. W. Baker Grading Company (alleged in the complaint to be a corporation) had a contract to perform the grading, which involved the use of heavy equipment. W. V. McGrew and Sons, a corporation, had a contract to perform plumbing and electrical work; it necessitated blasting.

This action was commenced by Tinsley against Ervin, Baker and McGrew for alleged acts of trespass during construction. The complaint alleges that damage to Tinsley's property were caused by Ervin, Baker and McGrew, and that Baker and McGrew were acting as agents of Ervin.

The complaint further alleges:

"(T)hat . . . The Ervin Company, through its agents and employees, did commit numerous acts of trespass upon the property of the Plaintiff, including but not limited to:

"a. Blasting and casting numerous rock upon the land of Plaintiff.

"b. Destruction and damages to numerous trees of the Plaintiff.

"c. Destruction of fence of Plaintiff.

"d. Driving motor vehicles and earth moving machinery onto and over property of Plaintiff.

"e. Casting water, mud and silt upon property of Plaintiff."

Ervin interposed first, a general denial, and secondly, by way of a cross-action against Baker, denied that Baker was acting as its agent and denied that Baker had committed any of the wrongful acts alleged by the plaintiff, but went on to assert that should the jury find that Baker had committed such acts and that Baker was acting as the agent of Ervin at the time, then Ervin should have judgment over against Baker for any verdict rendered against Ervin as a result of acts committed by Baker.

Ervin entered a similar cross-action as to McGrew.

Baker made a special appearance to contest the jurisdiction of the court over "C. W. Baker Grading Company, a Corporation." By way of affidavit, C. W. Baker averred "that said C. W. Baker Grading Company is not and never has been a corporation, but rather is a sole proprietorship owned and operated by the deponent." In the special appearance Baker asserted that he was a resident of North Carolina and that service made, both by certified mail and personal delivery to Mrs. Baker at the Baker residence, was ineffective to obtain jurisdiction of him. The lower court overruled Baker's motion on April 2, 1973, but the order is not contained in the record. It seems to be now conceded that C. W. Baker Grading Company is not a corporation, but simply the name under which C. W. Baker individually does busines. No motion to amend, as permitted by section 10-692 of the South Carolina Code, in case of a misnomer, was made by either Tinsley or Ervin.

Thereafter, "C. W. Baker Grading Company, an alleged corporation, expressly reserving without waiving all rights under its notice of special appearance and motion to quash," answered both the complaint of Tinsley and the cross-action of Ervin, admitting that grading work was performed "in accordance with the sittings, readings, measurements, elevations, and markings established by the agents, servants, and employees of said defendant, The Ervin Company." In what might be termed a general denial, it denied any responsibility to either Tinsley or Ervin.

At the end of Tinsley's evidence, the trial judge granted Baker a nonsuit, basically on the ground that Tinsley's witnesses had not identified workers on the job as employees of Baker.

At the end of all the evidence, Ervin moved to have stricken from the complaint allegations, b, c, and d of paragraph III, quoted hereinabove. It was the argument of counsel for Ervin that there was no evidence showing that its employees damaged Tinsley's trees as alleged in b, or destroyed his fence as alleged in c, or drove motor vehicles and earth moving equipment onto the damaged property as alleged in d. Ervin did not ask for a directed verdict as to the whole complaint and candidly admits that a jury issue is made up as to paragraph e, which alleges that Ervin cast water, mud and silt upon Tinsley's property. The motion to strike was denied.

With Ervin and McGrew as remaining defendants, the issues were submitted to the jury, which found against Ervin in the amount of $15,500.00 actual damages, and against McGrew in the amount of $500.00 actual damages. McGrew has not appealed. Ervin has appealed from the trial judge's refusal to grant its motion for a new trial.

Ervin lists five questions in its brief for this Court's determination, which are as follows:

"1. Did the Court err in refusing to grant a continuance because of improper and inflammatory remarks made by a member of the jury panel to other jury panel members, one or more of whom ultimately served on the petit jury?

"2. Did the Court err in failing to admit evidence as to the value placed on the land in question by the plaintiff in a condemnation proceeding by the Greater Greenville Sewer District?

"3. Should C. W. Baker Grading Company have been granted a nonsuit after the plaintiff rested his case?

"4. Should allegations, a, b, c, and d of Paragraph III of the plaintiff's Complaint have been stricken at the conclusion of all the evidence?

"5. Was the verdict unconscionably excessive, arbitrary and capricious, and unsupported by the evidence?"

As an additional ground to sustain its discharge from the action, Baker argues that the trial court erred in refusing to hold that jurisdiction was never acquired over him. In the view that we take as to the proper disposition of the appeal, we find it unnecessary to pass upon the additional sustaining ground.

As to question three, we need not delicately evaluate the evidence to determine whether Baker should have been granted a nonsuit. It is undisputed that Baker was sued as a corporation which is nonexistent. We need not discuss the powers of the court to retain control over a litigant in case a party has been misnamed, since no motion to substitute C. W. Baker individually has been made, even though counsel was put on notice approximately two months before trial that C. W. Baker Grading Company was not a corporation. Tinsley does not now complain that Baker was dismissed; neither Tinsley nor Ervin should be heard to complain because neither attempted by way of motion, as permitted under section 10-692 of our Code, to amend so as to properly name Baker as an individual defendant.

Additionally in the course of the presentation of the plaintiff's case, Ervin, as a matter of courtesy and convenience, was allowed to present the testimony of one of its key witnesses, out of order. This witness, a Mr. Landry was at pertinent times the area manager of Ervin's Greenville operation and according to his testimony he visited the property daily over a period of several months during which time the damages to Tinsley were allegedly done. Ervin did not seek through this key witness to prove that Baker had done anything that was not in strict accord with the specifications and instructions of Ervin. Under these circumstances we are not convinced of any prejudicial error in granting Baker's motion for a nonsuit. Our con-

clusion in this respect is, of course, without prejudice to any right of Ervin to recover against Baker in other litigation.

We proceed to the consideration of appellant's question number four, to wit: Should the judge have granted the motion to strike allegations b, c, and d as relates to Ervin? The effect of this motion was to ask a directed verdict in Ervin's favor as to damages to trees (b) and fence (c), and as to damages caused by motor vehicles and earth moving machinery crossing Tinsley's property (d).

The exception which purports to raise this issue is as follows:

"That the Court erred in failing to grant a new trial because of the Court's refusal to strike allegations a, b, c, and d from the plaintiff's Complaint at the conclusion of all the evidence."

The quoted exception clearly fails to comply with the provisions of Rule 4, section 6 of the Supreme Court and raises no issue for review by this Court. We might add at this point that other exceptions also fail to comply and that appellant's brief failed to comply with the provisions of Supreme Court Rule 8, section 3. This Court would be fully justified in dismissing the entire appeal for failure to comply with the Supreme Court rules. See *United States Fidelity & Guaranty Co. v. First National Bank of South Carolina of Columbia,* 244 S. C. 436, 137 S. E. (2d) 582.

Ervin's contention that it was entitled to a directed verdict, in the mentioned particulars, is predicated on the argument that Baker in doing the grading work was acting as an independent contractor and not as the agent and servant of Ervin. Suffice it to say that, even if we waive noncompliance with the rules and consider Ervin's contention as a matter of grace, there is abundant evidence in the record, including some of that proffered by Ervin, from which the jury could reasonably infer that

Baker was in fact acting as the agent and servant of Ervin rather than as an independent contractor.

As mentioned above Ervin lists three other questions in its brief, all of which we have examined and find to be without merit. Not all of them are raised by proper exceptions, and being in our view non-meritorious, we shall deal only briefly therewith. As to question number one, it appears that a juror by the name of Smith, on *voir dire* examination, stated he had strong feelings about the Ervin Company, but Mr. Smith was not one of the jurors selected. Out of the presence of the jury selected Smith was questioned by the court about a statement made by him to one of Ervin's witnesses and another statement critical of Ervin made to a prospective juror seated next to Smith. The record does not reflect whether or not such prospective juror was selected. The statement to the prospective juror was to the effect that Smith had heard of complaints by homeowners who had purchased Ervin houses. Ervin moved for a continuance because of such statements, but not for a mistrial. The motion for continuance was refused, but the judge took the precaution of questioning the impaneled jurors as to whether anything said by Mr. Smith would impair the ability if the jurors to give the parties a fair and impartial trial. He received a negative response to his questioning and we perceive no error in the refusal of the motion for continuance.

As to Ervin's second question, we are of the opinion there was no error whatever on the part of the trial judge in excluding evidence as to settlement for a right of way acquired by the Greater Greenville Sewer District from Tinsley. Suffice it to say the parties had to compromise or go to court. The sale did not involve a willing seller.

Finally, it is contended by Ervin in its fifth stated question that the verdict was excessive. We have reviewed the evidence as to damage and while we conclude that the verdict was a full one and even possibly on the

liberal side, we are not convinced that the same was unconscionably excessive, arbitrary or capricious. To the contrary we conclude that it has adequate support in the evidence. We finally conclude that all of the contentions argued by the appellant, even if properly before the Court, are without merit and the judgment below is accordingly,

Affirmed.

LITTLEJOHN, J., dissents.