20652

Teresa Lynn McQUAIG, a minor under the age of Fourteen (14) years, by her guardian ad litem, Allen W. McQuaig, Appellant, v. Charles A. Brown, Jr., Respondent.

(242 S. E. (2d) 688)

*Thomas Dewey Wise* of *Stuckey and Wise,* Charleston, *for Appellant,*

514

*Charles H. Gibbs,* and *John P. Linton,* of *Sinkler, Gibbs & Simons,* Charleston, *for Respondent,*

March 21, 1978.

GREGORY, Justice:

Appellant Teresa Lynn McQuaig brought this action by her guardian *ad litem* to recover for injuries sustained when she was attacked by respondent's English setter on February 25, 1975. This appeal is from the order of the lower court granting respondent's motion for summary judgment. We find no error and affirm.

Appellant, a two year old girl, accompanied her parents into respondent's back yard where the dog was kept. Respondent's back yard is enclosed by a cyclone fence. Respondent was not home at the time but had given appellant's parents permission to enter the back yard to remove a stack of firewood he had given them. Appellant and respondent are neighbors.

Appellant and her mother stood with the dog or within a few feet of it for several minutes. No one heard the dog bark or growl before it bit the child.

Respondent moved for summary judgment pursuant to Circuit Court Rule 44. Four depositions were submitted to the lower court, those of appellant's father and mother, and those of respondent and respondent's father who was present in respondent's yard when the incident occurred. In addition to the depositions, appellant offered the affidavit of her brother at the hearing on the motion for summary judgment. Respondent objected to the introduction of this affidavit on the ground that it had not been served prior to the day of the hearing as required by Rule 44(c) of the Circuit Court Rules.

The trial judge considered the pleadings and depositions and granted respondent's motion for summary judgment after finding the evidence raised no inference either that the dog was of a vicious, aggressive, or hostile nature, or that the respondent had knowledge of any vicious propensity of the dog. Appellant took exception to the lower court's order and this appeal followed.

Respondent first contends the appeal should be dismissed because appellant's exceptions do not comply with Rule 4, Section 6 of the Rules of Practice of The Supreme Court. The three exceptions, as stated by appellant, read as follows:

1. The trial judge erred in granting the respondent's motion for summary judgment.

2. The trial judge erred in finding there was no genuine issue as to any material fact.

3. The trial judge erred in finding the respondent entitled to a summary judgment as a matter of law.

The exceptions allege respondent's motion for summary judgment should have been denied because there exists a

genuine issue of material fact, and we have no difficulty determining this to be the issue raised on appeal. *Sandel v. Cousins*, 266 S. C. 19, 221 S. E. (2d) 111 (1975).

Appellant next contends the lower court erred by granting respondent's motion for summary judgment because the evidence raises the inferences that respondent's dog had exhibited vicious tendencies prior to the time of her injuries and that respondent had knowledge of the dog's hostile nature.

On appeal from an order granting respondent's motion for summary judgment this Court will review the evidence and all inferences in the light most favorable to appellant. Summary judgment should be granted only where it is clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. *Parker v. Williams & Madjanik, Inc.*, S. C., 239 S. E. (2d) 487 (1977).

To create a factual issue the appellant need only "present evidence which tends to establish that the dog was generally of a mischievous disposition, and to show that the owner had seen or heard enough to put him on notice that he should anticipate injury to others." *Giles v. Russell*, 255 S. C. 513, 180 S. E. (2d) 201 (1971).

None of the depositions submitted by either appellant or respondent contain any evidence that would cause a reasonable man to suspect the dog was of a dangerous or vicious nature. Appellant's father testified that prior to this incident he had no reason to believe the dog might be dangerous. Respondent testified the dog had never exhibited any vicious characteristics and was trained as a hunting dog, not as a guard dog.

The affidavit of appellant's brother was not submitted in compliance with Circuit Court Rule 44(c) and was not considered by the trial judge in granting respondent's motion for summary judgment. Thus, the affidavit is not properly

before this Court. We agree with the trial judge, however, that the affidavit would not have created a material issue of fact had it been timely submitted.

Affirmed.

LEWIS, C. J., concurs.

LITTLEJOHN, NESS and RHODES, JJ., concur in result.

LITTLEJOHN, Justice (concurring):

I concur in the opinion of Mr. Justice Gregory, but only because we have not been asked to review the previous decisions of this Court.

The rule of law applied by the lower court and followed by this Court today and as recently as the case of *Giles v. Russell,* 255 S. C. 513, 180 S. E. (2d) 201 (1971), apparently had its origin as a matter of common law in this State in the case of *McCaskill v. Elliott,* 5 Strob. 196 (1850). Since that time it has been the law that the owner of a dog is not responsible for his damages unless he knew, or should have known, that the dog had (1) either bitten some person previously, or (2) was generally of a mischievous disposition. This is said to be the general rule of common law, but many states have changed the rule by statute.

The legislature has provided, in § 15-75-30, *Code of Laws of South Carolina* (1976), for the collection of damages where an unmarried minor child, under the age of 17, does damage to another's property. In such a case the parent of the child must respond to the damaged persons up to the sum of $1,000.00. Thus, we have the paradoxical situation in which a parent may be liable for damages of his child who goes next door and harms a dog, but need not respond in damages if his dog goes next door and harms a child, unless he had bitten before or was known to be of a mischievous nature.

The time has come when this Court should review its basic concept of liability as relates to the owners of dogs.

When a dog bites a child, or kills the calf of a farmer, someone must bear the brunt of the hospital bill for the child, or absorb the loss of the value of the calf. As between the owner of the dog on the one hand, and the father of the child, or owner of the calf, on the other hand, I have no difficulty in concluding that the loss should fall upon the owner of the dog.

California has dealt with this matter by way of statute. Out of that statute has come a jury instruction found in *California Jury Instructions—Civil* (1950 Supp.). It reads as follows:

"The law of California provides that the owner of any dog which bites a person while such person is on or in a public place or is lawfully on or in a private place, including the property of the owner of such dog, is liable for such damages as may be suffered by the person bitten regardless of whether or not the dog previously had been vicious, regardless of the owner's knowledge or lack of knowledge of any such viciousness, and regardless of whether or not the owner has been negligent in respect to the dog, provided, however, that if a person knowingly and voluntarily invites attack upon himself [herself], or if, when on the property of the dog owner, a person voluntarily, knowingly, and without reasonable necessity, exposes himself [herself] to the danger, the owner of the dog is not liable for the consequences. . . ."

I would adopt this statement of law for South Carolina, thereby overruling *McCaskill* and all of the cases which have followed the doctrine expounded.

RHODES, J., concurs.

NESS, Justice (concurring):

I concur in the opinion of Mr. Justice Gregory with the exception that I do not agree that the exceptions comply with Rule 4, Section 6 of the Rules of Practice of the Su-

preme Court even on motion for summary judgment. *Tinsley v. Ervin,* 264 S. C. 487, 495, 216 S. E. (2d) 170 (1975). Hence, I concur in result only. Also see *Armstrong v. Weiland,* 267 S. C. 12, 225 S. E. (2d) 851 (1976).