22303

Eric John HOSSENLOPP, By and Through his Guardian *ad Litem*, John HOSSENLOPP, Respondent, v. William J. CANNON, Jr., and Yong H. Cannon, Appellants.

(329 S. E. (2d) 438)

Supreme Court

*John W. Thomas* of *Thomas, Windham, Daniel & Dial,* Columbia, *for appellants.*

*Ellis Merritt, Jr.,* of *Law Offices of Donald E. Rothwell,* Columbia, *for respondent.*

Submitted Jan. 23, 1985.

Decided April 26, 1985.

LITTLEJOHN, Chief Justice:

Plaintiff-respondent, Eric John Hossenlopp, a four-year old child, bring this action to recover for injuries sustained when the dog of defendant-appellants, William J. Cannon, Jr. and Yong H. Cannon, attacked him causing personal injuries of nineteen puncture wounds requiring sutures, sur-

gery and hospitalization. It is a tort action alleging negligence on the part of the owners in 1) keeping a dangerous animal with knowledge it had dangerous propensities; 2) allowing the dog to run at large in violation of statutory law; and 3) in failing to restrain the animal. Based on depositions and affidavits, the trial judge granted summary judgment in favor of the child as to liability, leaving the assessment of damages for trial by jury in the usual fashion. The dog owners have appealed contending that there is a genuine issue of fact as to whether they had previous notice of the propensity of their dog to bite people. We agree with the trial judge and affirm.

The showing made to the trial judge revealed that young Hossenlopp and another young boy were, on the afternoon of his injuries, at the home of a babysitter. They were playing outside the babysitter's residence watching her own dogs which were fenced in. The Cannons' dog charged toward them; to avoid the attack, both boys tried to climb over the fence. The plaintiff herein failed in his efforts and was attacked by the dog which dragged him by the ankle and leg causing the injuries which inspired this action.

Under Rule 44 of the Circuit Court, it is appropriate to grant summary judgment on all issues or on specified issues if there is no genuine issue of fact to be determined. The conventional dog-bite law in this state heretofore set forth in several cases is as follows:

> ... It is the rule in this State that domestic animals are not presumed to be dangerous to persons, and before recovery of damages may be had against the owner, the injured party must prove that the particular animals was of a dangerous, or vicious nature, and that his dangerous propensity was either known, or should have been known to the owner. The negligence that imposes liability upon the owner is the keeping of a dangerous animal with knowledge of its dangerous tendencies, or in the failure to restrain it from injuring persons ...

*Giles v. Russell*, 225 S. Ct. 513, 180 S. E. (2d) 201 (1971). *Also see McQuaig v. Brown*, 270 S. C. 512, 242 S. E. (2d) 688 (1978) and *Conoley v. Riel*, 279 S. C. 521, 309 S. E. (2d) 291 (1983).

There is no serious argument but that the dog of the Cannons proximately caused substantial damages to the

child. Nor can it be seriously argued that the Cannons were not negligent. Section 47-3-50 of the *South Carolina Code of Laws* (1976) provides as follows:

> It shall be unlawful in any county adopting penalty provisions pursuant to the provisions of this article for a dog owner or other keeper of a dog to:
>
> > (a) allow his dog to run at large off of property owned, rented or controlled by him;
>
> * * *

Pursuant to the above statutory provision, Section 11-6004, of the Richland County Code, was enacted and, its pertinent provisions read as follows:

> > (a) It shall be unlawful for any dog owner or other keeper of a dog to:
> > > (1) allow his dog to run at large off of property owned, rented or controlled by him;
>
> * * *

Further, Section 47-7-110, South Carolina Code of Laws, as amended (1976), provides as follows:

> It shall be unlawful for the owner or manager of any domestic animal of any description willfully or negligently to permit any such animal to run at large beyond the limits of his own lands or the lands leased, occupied or controlled by him.

The sole contention of the Cannons is that there is a contested issue as to their knowledge of the fact that their dog had, on previous occasions, harmed others or had dangerous propensities. The affidavit of Mr. and Mrs. Porter avers that on a previous occasion "... the big goldish-brown dog of the Cannons', which the deponents are informed and believe attacked Eric John Hossenlopp did, in fact, bite and substantially bruise the buttocks of their grandson, John Mark Porter on the property of the deponents and in the carport of the deponents." There is, however, no averment that this was within the knowledge of the Cannons.

The deposition of William J. Cannon, Jr. admits that he was aware of the fact that on a previous occasion

this dog attacked a six-year old boy leaving what he describes as "... a little small scratch mark right here on the inside of his arm. I immediately took the child into my bathroom, I took a Q-tip, some alcohol and I attempted to clean — it was just a small amount of dry blood. I attempted to clean it. There was not enough blood to even pink the Q-tip." Mr. Cannon averred that he was unable to keep the dog in the fence because she was able to climb the fence even after he put an extension on it. When he wanted to truly restrain the dog, he kept her on a chain. We think that his own admission is sufficient to establish guilty knowledge.

We are of the opinion, under our established rule of law, that the trial judge correctly granted a summary judgment on the liability issue. In addition, this Court under Rule 4, § 8 may affirm the trial court on any ground appearing in the record. In 1978 in the case of *McQuaig v. Brown, supra,* the court alerted the bench and bar to the fact that the dog-bite law in this state was antiquated. See dissent in *McQuaig.*

The dog-bite law is of common law origin. It may be changed by common law mandate. The time has come when our rule must give way to the more commonly accepted rule of law indicated in other states by both case law and by statute.

When a child, as in this case, has been injured by the dog of another, the burden of damages, medical expenses, hospital, etc. must be paid by either the owner of the dog or the parents of the child. It is common knowledge that dogs have a tendency to bite. The owners know this and should be made to respond in damages when the dogs they keep do injuries to others regardless of whether the injury is a result of the first bite, the second or other bite. In this state, we have a paradoxical situation in that § 15-75-30 Code of Laws of South Carolina (1976) gives to an injured party the right to collect damages from parents where an unmarried minor child under the age of seventeen years does damages to the property of another; but if that same parents' dog does damage to the property of another, money may not be collected unless it be shown that he had bitten before or was known to be of a mischievous nature. In tort cases, the culpable party should be responsible for not only the second delict but the first.

California has dealt with this matter by way of statute. Out of that statute has come a jury instruction found in *California Jury Instructions — Civil* (1950 Supp.). We approve. It reads as follows:

> The law of California provides that the owner of any dog which bites a person while such person is on or in a public place or is lawfully on or in a private place, including the property of the owner of such dog, is liable for such damages as may be suffered by the person bitten regardless of whether or not the dog previously had been vicious, regardless of the owner's knowledge or lack of knowledge of any such viciousness, and regardless of whether or not the owner has been negligent in respect to the dog, provided, however, that if a person knowingly and voluntarily invites attack upon himself [herself], or if, when on the property of the dog owner, a person voluntarily, knowingly, and without reasonable necessity, exposes himself [herself] to the danger, the owner of the dog is not liable for the consequences ...

We think the California rule is sound. It is short of the rule of strict liability for dogs. We sustain the trial court on this additional ground. All cases heretofore decided by this Court inconsistent with the view herein expressed are hereby overruled. Many of these cases are cited in the South Carolina Digest, *Animals* § 66, *et seq.*

Affirmed.

NESS and CHANDLER, JJ., concur.

GREGORY and HARWELL, JJ., concur and dissent in separate opinions.

HARWELL, Justice:

I concur in the result of holding the dog-owner liable under the conventional dog-bite law of this State. However, I disagree with the majority's imposition of California dog-bite law by decision of this Court. I believe our traditional dog-bite law, requiring a dog-owner to know or have reason to know of the dog's dangerous propensity before being held liable, is sound. This rule should remain the law in South Carolina until the General Assembly sees fit to liberalize it.

GREGORY, Justice:

I concur in the result reached by the majority. There is ample evidence supporting a finding of liability under existing South Carolina law. However, I dissent insofar as the majority adopts the California rule. Such a holding as an additional sustaining ground is clearly gratuitous. This case is not the proper vehicle for such a far-reaching change in the law.