489 S.E.2d 639

**Charles A. HENRY, Appellant,**

v.

**Thomas LEWIS and Marie Lewis, Respondents.**

No. 2667.

Court of Appeals of South Carolina.

Heard March 6, 1997,
Decided June 2, 1997.
Rehearing Denied Sept. 3, 1997.

H. Fred Kuhn, Jr., of Moss & Kuhn, Beaufort, for appellant.

Randell C. Stoney and Stephen P. Groves, both of Young, Clement, Rivers & Tisdale, Charleston, for respondents.

HEARN, Judge.

Dr. Charles A. Henry brought this negligence action against Thomas and Marie Lewis for injuries he sustained when he was kicked by their horse. Henry appeals the order of the special circuit court judge granting the Lewises' motion for summary judgment. We affirm.

### *Facts*

Dr. Henry is a veterinarian who had treated the Lewises' two horses, Bull and Two Socks, on several occasions. On February 15, 1993, the couple called Dr. Henry and asked him if he would examine Bull, who was lame. Dr. Henry drove to the stables where the Lewises boarded their horses. Marie Lewis met Dr. Henry at the stables, which adjoin an adjacent 10– to 15–acre pasture. Adjoining the pasture is a small fenced-in paddock which measures approximately 100 feet by 100 feet. A gate connects the pasture and paddock.

Marie Lewis put a lead line on Bull and led him toward the center of the paddock area. Bull's left rear foot was lame. Marie Lewis held Bull's lead while Dr. Henry knelt down behind Bull, resting Bull's foot on his knee. While Dr. Henry worked on Bull, Two Socks became agitated. Two Socks circled Dr. Henry once, then whirled around with her back feet to Dr. Henry. Two Socks then kicked Dr. Henry twice, hitting him just above his knees.

Dr. Henry testified that Two Socks was not in the paddock when he first arrived to care for Bull, but that the gate to the

pasture was open. Marie Lewis, however, indicated she thought Two Socks had been in the paddock with Bull the entire time. Dr. Henry sustained severe injuries to both knees which required several operations to repair.

Dr. Henry brought this negligence action against the Lewises on November 23, 1993. Dr. Henry alleged the Lewises were liable under traditional principles of negligence as well as under "animal injury liability" pursuant to the case of *Hossenlopp v. Cannon*, 285 S.C. 367, 329 S.E.2d 438 (1985). The Lewises denied liability and alleged that Dr. Henry assumed the risk of being kicked by Two Socks. The trial judge granted the Lewises' motion for summary judgment, finding the *Hossenlopp* standard did not apply to horses and therefore Dr. Henry was required to present evidence that the Lewises knew Two Socks had a vicious or dangerous disposition. The trial judge found Dr. Henry had presented no such evidence, and, alternatively, had contractually assumed the risk of being kicked.

### *Discussion*

Henry argues the trial judge erred in concluding as a matter of law that he had to prove the Lewises knew or should have known that their horse had a dangerous or vicious nature. We disagree.

In *Mungo v. Bennett*, 238 S.C. 79, 119 S.E.2d 522 (1961), the South Carolina Supreme Court set out the common law rule regarding liability for injuries caused by domestic animals. In *Mungo*, the plaintiff was injured when he was kicked by the defendant's horse. The court stated:

The authorities generally agree that all domestic animals, whether horses, mules, cattle, dogs, cats or others, are not presumed to be dangerous to persons, and before recovery of damages may be had against the owner the injured party must prove that the particular animal was of a dangerous, or vicious, nature and that this dangerous propensity was either known, or should have been known to the owner.

*Id.* at 81, 119 S.E.2d at 523. In *Mungo*, the court held there was sufficient evidence that the defendant knew of the horse's dangerous propensity because he testified he didn't trust the horse enough to curry him without a halter or bridle and was

careful not to stand behind the horse. *Id.* at 83–84, 119 S.E.2d at 524. Furthermore, he apologized to the plaintiff immediately after the accident for not warning him the horse would kick. *Id.* at 83, 119 S.E.2d at 524.

In *Hossenlopp v. Cannon*, 285 S.C. 367, 329 S.E.2d 438 (1985), the court abandoned the common law rule in dog bite cases in favor of the "California rule." This rule provides that the owner of any dog which bites a person is liable for the resulting damages regardless of whether the dog previously had been vicious, regardless of the owner's knowledge or lack of knowledge of any such viciousness, and regardless of whether the owner has been negligent with respect to the dog. *Id.* at 372, 329 S.E.2d at 441. There is an exception, however, where the person attacked knowingly and voluntarily invites attack upon himself or knowingly exposes himself to the danger. *Id.*

In response to *Hossenlopp*, the legislature passed S.C.Code Ann. § 47–3–110 (1987), which provides:

> Whenever any person is bitten or otherwise attacked by a dog while the person is in a public place or is lawfully in a private place, including the property of the owner of the dog or other person having the dog in his care or keeping, the owner of the dog or other person having the dog in his care or keeping is liable for the damages suffered by the person bitten or otherwise attacked.... If a person provokes a dog into attacking him then the owner of the dog is not liable.

Dr. Henry argues the holding in *Hossenlopp* should apply to horse kick cases as well as to dog bite cases. He argues the reasoning in the opinion is equally applicable to horses, who have a known propensity to kick. He further argues that fairness dictates that the owner of a domestic animal which inflicts injury should bear the burden of the loss caused by his animal, rather than the injured party.

As appealing as Dr. Henry's argument may be, it is clear that the holding in *Hossenlopp* is limited to cases involving dog attacks. Furthermore, the legislature had the opportunity to expand the rule in passing section 47–3–110, but instead chose to specifically limit the rule to dog attack cases. Under

340

these circumstances, we hold that the special circuit court judge properly applied the common law rule.[1]

Accordingly, the decision of the special circuit court judge is AFFIRMED.

STILWELL and HOWARD, JJ., concur.

---

1. The special circuit court judge also held, in the alternative, that Dr. Henry contractually assumed the risk of injury. However, because we affirm his ruling on the first ground, we need not reach this issue.