THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Keith C.
 Marshall and Peggy M. Marshall, Appellants,
 
 
 
 
 

v.

 
 
 
 
 Michael C.
 Marshall, Terri M. Shaw, and Mary E. Rutledge, Respondents.
 
 
 
 
 

Appeal From Lancaster County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2010-UP-027
 Submitted October 7, 2009  Filed January
25, 2010    

AFFIRMED

 
 
 
 Kathryne Ann Shelton-Duco, of Columbia,
 for Appellants.
 Philip Wright, of Lancaster, for
 Respondents.
 
 
 

PER CURIAM:  Keith Marshall and Peggy Marshall
 (collectively Contestants) filed an action contesting a will, and the circuit
 court granted summary judgment finding the will valid.  Contestants appeal
 arguing the circuit court erred in (1) granting summary judgment before they
 completed discovery or obtained an expert witness; (2) determining the testatrix
 had the capacity to execute a will without reviewing extensive medical records;
 and (3) finding even if the will was invalid, the prior will would be in
 operation.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to whether
 the circuit court erred in granting summary judgment before Contestants completed
 discovery or obtained an expert witness: In re Michael H., 360 S.C. 540,
 546, 602 S.E.2d 729, 732 (2004) ("An issue may not be raised for the first
 time on appeal.  In order to preserve an issue for appeal, it must be raised to
 and ruled upon by the trial court.").
2.  As to whether
 the circuit court erred in determining the testatrix had the capacity to
 execute a will: Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860
 (2002) (providing that when reviewing the grant of a summary judgment motion,
 this court applies the same standard that governs the trial court under Rule
 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to
 any material fact and the moving party is entitled to judgment as a matter of
 law); Rule 56(f), SCRCP ("Should it appear from the affidavits of a party
 opposing the motion that he cannot for reasons stated present by affidavit
 facts essential to justify his opposition, the court may refuse the application
 for judgment or may order a continuance to permit affidavits to be obtained or
 depositions to be taken or discovery to be had or may make such order as is
 just."); Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101, 112 n.4,
 410 S.E.2d 537, 544 n.4 (1991) ("Although Plaintiffs did not file an
 affidavit invoking [Rule 56(f)], other courts have not mandated strict
 compliance with the technical requirements of Rule 56(f) where, as here, the
 need for further discovery is otherwise made known to the trial court."); Rule
 56(c), SCRCP (providing when a party has moved for summary judgment,
 "[t]he adverse party may serve opposing affidavits not later than two days
 before the hearing"); McQuaig v. Brown, 270 S.C. 512, 516-17, 242
 S.E.2d 688, 690 (1978) (finding when an affidavit was not timely submitted
 and not considered by the trial court in granting a summary judgment motion,
 the affidavit was not properly before the supreme court on
 appeal); In re Estate of Weeks, 329 S.C. 251, 263, 495 S.E.2d
 454, 461 (Ct. App. 1997) ("The test of whether [a] testatrix had the capacity to make a will is whether she knew (1) her estate,
 (2) the objects of her affections, and (3) to whom she wished to give her
 property."); Gaddy v. Douglass, 359 S.C. 329, 345, 597 S.E.2d 12,
 21 (Ct. App. 2004) (finding in order to invalidate a will,
 a testator's insanity should be
 established at the time of execution, unless the insanity is of a permanent or
 chronic nature); Hembree v. Estate of Hembree, 311 S.C. 192, 196,
 428 S.E.2d 3, 5 (Ct. App. 1993) (noting the similarity of a contested will to a
 prior will "establishes that the testator recognized who his loved ones
 were and to whom he wished the majority of the estate to go"); In re
 Estate of Weeks, 329 S.C. at 265, 495 S.E.2d at 462 (finding contestants of a will presented absolutely no evidence of insanity or any
 sort of mental illness but rather showed testatrix was an 81-year-old woman
 experiencing a gradual but irreversible decline in her mental faculties due to
 aging).  
3.  As to whether the circuit court erred in finding if the will was invalid, the prior will
 would be in operation:  Futch v. McAllister Towing of Georgetown, Inc.,
 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need
 not review remaining issues when its determination of a prior issue is
 dispositive of the appeal).
AFFIRMED.
HEARN, C.J.,
 and KONDUROS and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.