TIMOTHY CROWLEY *v.* JOHN GROONELL.

October Term, 1900.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 9, 1901.

*Dogs—Dangerous propensity—Liability of owner*—A cross and savage disposition on the part of a dog is not necessary in order to make its owner liable for an injury caused by an assault from the dog. A mischievous propensity to commit an assault of the kind complained of is enough, if the other elements of liability are made out.

CASE for an injury to the plaintiff by the defendant's dog. Plea, the general issue.   Trial by jury, Rutland County, March Term, 1900, *Rowell,* J., presiding.   Verdict and judgment for the plaintiff.   The defendant excepted.

It appeared that the plaintiff, an old man, was a neighbor of the defendant and went one morning to the defendant's barn, where the latter was, to buy some potatoes of him; that when

the plaintiff got near the barn, the defendant's dog, which was large, and was lying near the barn door, assaulted the plaintiff by jumping up and putting his feet upon him and throwing him down, breaking his hip. The testimony was conflicting as to whether this assault was vicious or playful and as to the propensities of the dog known to the plaintiff.

*G. E. Lawrence* and *G. L. Rice* for the plaintiff.

*Butler & Moloney* and *Joel C. Baker* for the defendant.

WATSON, J. The only exception upon which the defendant relies is the one to that part of the charge where the court said that a cross and savage disposition on the part of the dog was not necessary in order to impose liability; that a mischievous propensity to commit the kind of assault complained of was enough if the plaintiff's case was otherwise made out; and that in respect to imposing liability, it made no difference whether such assault proceeded from good nature or ill nature, from ugliness or playfulness.

The defendant contends that the duty of restraint attaches only when the owner or keeper has reason to apprehend that the dog may do damage by reason of its viciousness or ferocity, and that the acts of the dog, proceeding from good nature or playfulness, cannot render the defendant liable. If a man have a beast that is *ferae naturae* as a lion, a bear, a wolf, if he get loose and do harm to any person, the owner is liable to an action for damages, though he have no particular notice that he had done any such thing before. The same principle applies to damages done by domestic animals, except that as to them, the owner must have seen or heard enough to convince a man of ordinary prudence of the animal's inclination to commit the class of injuries complained of. With notice to the owner of such propensity in the animal, he is liable for whatever damages may be suffered by person or property therefrom. It

makes no difference whether the animal was of cross and savage disposition and committed the injury by reason of its viciousness and ferocity, or whether such injury resulted from good nature and playfulness—the intent of the animal is not material.    The owner or keeper having knowledge of its disposition to commit such injuries must restrain it at his peril, and it is no answer to say that the animal was not cross or savage and was in good nature and playfulness.    The law governing such an action is stated by Sir Matthew Hale, that if a man have a beast, as a bull, cow, horse or dog, used to hurt people, if the owner know not his quality, he is not punishable; but if the owner have notice of the quality of his beast, and it doth anybody hurt, he is chargeable with an action for it.    1 Hale's P. C., 430.

In *Mason* v. *Keeling,* 12 Mod., 332, Chief Justice Holt said that the difference was between things in which the party had a valuable property, for he should answer for all damages done by them; but of things in which he had no valuable property, if they were such as were naturally mischievous in their kind, he should answer for any hurt done by them without notice; but if they were of a tame nature, there must be notice of the ill quality, and the law took notice that a dog was not of a fierce nature, but rather the contrary.

In *Read* v. *Edwards,* 17 C. B. (N. S.) 245, it was proved at the trial that the dog which did the damage was of a peculiarly mischievous disposition, it being accustomed to chase and destroy game on its own account, and that that vice was known to its owner, the defendant; that he, notwithstanding, allowed it to be at large in the neighborhood of the plaintiff's wood in which were young pheasants being reared under domestic hens; so that the entry of the dog into the wood and the destruction of the game was the natural and immediate result of the ani-

mal's peculiarly mischievous disposition, of which the owner
had knowledge.    The defendant was held liable.

In *State* v. *McDermott* (N. J.) 6 Atl. Rep., 653, at the
close of the plaintiff's evidence, the defendant moved for a non-
suit on the ground that it did not appear that the dog had bit-
ten McDermott maliciously, and also on the ground that
there was no evidence that the dog had bitten other per-
sons except in play, or that the defendant had knowledge
of the propensity of the dog to bite.    The motion was
overruled.    It was contended that although several per-
sons had been bitten by the dog, of which the defendant had
notice, yet it appeared that in every instance the biting occurred
while the dog was in a playful mood; that damages could not
be recovered where it was shown that the dog had a propen-
sity to bite only in play; and that to justify a recovery, it must
appear that the dog was in the habit of biting mankind while
in an angry mood, actuated by a ferocious spirit.    It was held
that this was not the law,—that an action could be maintained
against the owner by a party injured upon evidence that a dog,
with the knowledge of the owner, had a mischievous propensity
to bite mankind, whether in anger or not; for in either case, the
person bitten would suffer injury, and that mischievous pro-
pensity, within the meaning of the law, was a propensity from
which injury is the natural result.

In *Reynolds* v. *Hussey,* (N.H.) 5 Atl. Rep., 458, it was held
to be the propensity to commit the mischief that constitutes the
danger, and therefore that it was sufficient if the owner had
seen or heard enough to convince a man of ordinary prudence
of the animal's inclination to commit the class of injuries com-
plained of.    And that the question in each particular case is,
whether the notice was sufficient to put the owner on his guard
and to require him, as an ordinarily prudent man, to anticipate

the injury which has actually occurred.   See also *Buckley* v. *Leonard,* 4 Denio, 500.

*There was no error in the charge, and judgment is affirmed.*