■ MURRAY SCHWARTZ, Respondent, v. SAR CORPORATION et al., Appellants.— In an action to recover damages for personal injuries alleged to have been caused by the negligent operation of a motor vehicle, the appeal is from an order (1) granting respondent's motion for summary judgment striking out the answer (Rules Civ. Prac., rule 113), and (2) denying appellants' motion for permission to serve an amended answer. Order reversed, with $10 costs and disbursements, respondent's motion for summary judgment denied, and appellants' motion for permission to serve an amended answer granted. The amended answer is to be served, if appellants be so advised, within 10 days after the entry of the order hereon. In our opinion, the proof submitted in support of the motion was not sufficient, as a matter of law, to warrant the directing of judgment in favor of respondent. No prejudice will result to respondent from the service of an amended answer denying a paragraph of the complaint which appellants inadvertently failed to deny in their original answer. Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur. [19 Misc 2d 660.]

■ ABRAHAM SHUFFIAN, Respondent, v. RALPH GARFOLA, Appellant.— Appeal, by permission of this court, from an order of the Appellate Term which affirmed a judgment of the City Court of the City of New York, Kings County, entered after trial before an Official Referee awarding respondent damages for personal injuries. The notice of appeal states that appeal is also taken from a judgment of affirmance entered in the office of the Clerk of the City Court. Order unanimously affirmed, with costs. Respondent while working on his employer's premises suffered an unprovoked attack and was bitten by a police dog owned and harbored by appellant, the owner of the adjoining premises. Appellant kept the animal on his premises as a watchdog for the protection of his property. The dog escaped from appellant's yard through a gate left open by appellant, and entered the yard in which respondent was working, where the attack occurred. The fact that the animal was kept for protection and as a watchdog, and the manner in which it was customarily restrained were sufficient, under the circumstances disclosed, to charge appellant with knowledge of its propensity to bite. (*Brice* v. *Bauer*, 108 N. Y. 428, 432; *Kessler* v. *Katz*, 212 App. Div. 838.) When used with reference to the liability of one who harbors a domestic animal of vicious propensities, the words "vicious propensities" include a propensity to do any act that might endanger the persons or property of others in a given situation (*Dickson* v. *McCoy*, 39 N. Y. 400, 403). Appeal from judgment dismissed, without costs. No appeal lies to this court from such judgment. (Cf. Civ. Prac. Act, § 623; N. Y. City Ct. Act, § 61; *Geyer* v. *National Fire Ins. Co. of Hartford, Conn.*, 274 App. Div. 937; *Weisbrot* v. *Select Operating Corp.*, 4 A D 2d 699.) Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.