CARMEN BERKOWITZ, *p.p.a.* *vs.* LOUIS A. SIMONE.

MARCH 4, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

12

CONDON, C. J. This is an action of trespass on the case for negligence in keeping a vicious dog which bit the plaintiff, Carmen Berkowitz, a three-year-old girl. At the conclusion of the evidence the trial justice denied the defendant's motion for a directed verdict and thereafter the jury returned a verdict for the plaintiff in the sum of $3,000. The case is here on the defendant's bill of exceptions to the denial of her motions for a directed verdict and a new trial, to the refusal of certain requests to charge, to certain portions of the charge and to several evidentiary rulings.

The plaintiff's cause of action arose out of the following facts. On May 20, 1960 she went with her mother to defendant's beauty salon where Mrs. Berkowitz was to have her hair done. Upon their arrival at the salon defendant suggested that plaintiff go to the back yard and play with her children and her dog Tippy. Three or four minutes thereafter defendant heard the sound of crying in the yard and upon going out there found plaintiff bleeding from the nose and the side of her left cheek. She carried her into the salon and told Mrs. Berkowitz that she was sorry her dog had bitten Carmen and that she should have gotten rid of it when it bit Debbie. At this time according to plaintiff, Carmen herself, pointing to defendant, said that her dog bit her.

It appeared that on October 30, 1959, several months before this incident, Tippy had bitten Debbie Shapiro, a seven-year-old girl. On that occasion Mrs. Shapiro called defendant, who said she was sorry that her dog had bitten Debbie. The defendant did not see the dog bite either girl but obtained knowledge of each incident from what she had been told.

The defendant did not deny making those statements but she did object to their introduction in evidence on the ground that they were predicated upon hearsay and therefore inadmissible. She concedes that such extrajudicial statements in the nature of admissions by a party are exceptions to the rule against hearsay, but she contends that they must be predicated upon actual personal knowledge of the declarant. In support of such contention she cites *Wright* v. *Quattrochi,* 330 Mo. 173, *Royal Insurance Co.* v. *Atlantic Coast Line R.R.,* 195 N. C. 693, *Hilton* v. *Hayes,* 154 Wis. 27, and *Stanford* v. *Holloway,* 25 Tenn. App. 379.

In the circumstances of the case at bar there is no merit in this contention. It is generally held, and the above-cited cases are not to the contrary, that the admission need not be based upon personal knowledge if the circumstances in-

dicate that the declarant adopted the hearsay matter and that it was not a mere opinion or a legal conclusion but a matter of fact. *Randall* v. *Holmes,* 69 R. I. 41; *Salvitti* v. *Throppe,* 343 Pa. 642; *Lambros* v. *Coolahan,* 185 Md. 463; 4 Wigmore, Evidence (3d ed.), §1053, p. 12; 31 C.J.S. Evidence §272 a and b, p. 1023. The defendant here may be reasonably held to have adopted the hearsay matters of fact involved in both the Debbie and Carmen incidents when she did not then deny that Tippy was her dog. By voluntarily expressing her personal sorrow at each incident and especially her regret that she had not disposed of Tippy after he had bitten Debbie, she indicated her knowledge of and responsibility for his behavior. In our opinion the trial justice did not err in admitting the testimony objected to and therefore defendant's exceptions 1, 2, 3 and 4 to such admission are overruled.

At the conclusion of the evidence defendant moved for a directed verdict. She contends that the trial justice erred in denying the motion because the evidence shows that each bite was the result of provocation of the dog and therefore the jury could not reasonably find it was vicious. From our examination of the transcript it appears that such contention is necessarily predicated on a view of the evidence favorable to her and not to plaintiff. For that reason it is without merit.

As is well known, the correct rule is to the contrary. On the consideration of such a motion the trial justice is required to view the evidence and draw all reasonable inferences therefrom most favorably to the adverse party, and he may not weigh the evidence or pass upon the credibility of the witnesses. In reviewing his decision this court is likewise so bound. *Sanderson* v. *New York, N.H. & H. R.R.,* 87 R. I. 393. Viewing all the evidence in that light we are of the opinion that the trial justice did not err and therefore defendant's exception 19 to such decision is overruled.

At the conclusion of the evidence the trial justice charged the jury at great length, pointing out the law governing a case of this kind and reminding them that plaintiff had the burden of proving that the dog had a vicious propensity of which defendant had knowledge. He also emphasized that plaintiff had the obligation of proving that defendant was either the owner or keeper of the dog and was therefore responsible for any wrong done by it because of its vicious propensity. He further explained the nature of such propensity and the duty of the owner or keeper who had knowledge thereof.

Without further attempting to describe the various aspects of the charge it is sufficient to say that none of it appears to us in any way prejudicial to the rights of defendant and that it fully and fairly states the law needful for the jury to return a proper verdict. We are therefore of the opinion that defendant's exceptions to certain portions of the charge and to the refusal of certain of her requests to charge are without merit. All such exceptions are overruled.

Finally defendant contends in support of the exception to the denial of her motion for a new trial that since there was no proof of pain, of proximate cause of the sequelae of the Carmen incident or of her disfigurement, the damages awarded are grossly excessive and should have been at most only $1. In our opinion the evidence furnishes no basis for such contention. The jury could reasonably have concluded that it preponderated in favor of plaintiff on those matters. In addition the trial justice in the exercise of his independent judgment found that there was clear proof of liability and that the damages awarded were moderate. Unless he overlooked or misconceived important evidence favorable to defendant we cannot say that his decision is clearly wrong.

While on the cold record before us the damages appear somewhat generous we cannot say that they are grossly excessive. It may well be that if we had the opportunity

which the trial justice had to observe the plaintiff and note the extent of the facial disfigurement resulting from the bite, we too might deem the damages moderate. In any event his more advantageous position in this regard enabled him to make a more reasonable evaluation of the damages than we can from the cold record and therefore we must conclude that the defendant's exception to the denial of her motion for a new trial is without merit.

All of the defendant's exceptions whether or not specifically discussed herein are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

ON MOTION FOR REARGUMENT.

MARCH 14, 1963.

PER CURIAM. After our opinion in the above case was filed the defendant by permission of the court presented a motion for leave to reargue on certain grounds therein set forth.

We have carefully considered those grounds and in our judgment they present no matter which was not fully considered and passed upon in reaching the conclusion stated in our opinion.

Motion denied.

*Kirshenbaum & Kirshenbaum, Alfred Factor, William Young Chaika,* for (appellee) plaintiff.

*Pontarelli & Berberian, Aram K. Berberian,* for defendant.