WARWICK, Respondent v. MULVEY, Appellant

(127 N.W.2d 433)

(File No. 10105.  Opinion filed April 10, 1964)

**T. R. Johnson, Danforth, Danforth & Johnson,** Sioux Falls, for Defendant and Appellant.

**Gene E. Pruitt, Willy, Pruitt & Matthews,** Sioux Falls, for Plaintiff and Respondent.

BIEGELMEIER, P.J.   This appeal involves two neighbors and the actions of Frosty, a dog, of which animal Lord Byron said was in life man's firmest friend, first to welcome, foremost to defend. Plaintiff's amended complaint charged defendant was the own-

er of a dangerous dog of a vicious and mischievous disposition, accustomed to jumping on and attacking persons, all of which was well known to defendant; that plaintiff was thrown to the ground and injured when it attacked her. There was a jury verdict for plaintiff and from a judgment thereon, defendant appeals.

■ The cases involving animals have announced settled principles of law. If a man have a beast that is **ferae naturae,** as a bear or wolf, and it get loose and do harm to any person, the owner is liable to an action for damages even though he had no notice the animal had done such thing before. The same principles apply to **domitae naturae,** or domestic animals, except as to them the owner must have seen or heard enough to convince a man of ordinary prudence of the animal's inclination to commit the class of injury charged against it. The law takes notice a dog is not of a fierce nature, but rather the contrary. Yet where proof is made of mischievous propensities which cause injury to another, of which the owner knew or should have known, liability follows. State v. McDermott, 1886, 49 N.J.L. 163, 6 A. 653; Knowles v. Mulder, 1889, 74 Mich. 202, 41 N.W. 896; Crowley v. Groonell, 1901, 73 Vt. 45, 50 A. 546, 55 L.R.A. 876 and see other authorities in Groner v. Hedrick, 1961, 403 Pa. 148, 169 A.2d 302 and Owen v. Hampson, 258 Ala. 228, 62 So.2d. 245. The cause of action arises from the keeping of the animal after knowledge of its vicious prospensity. Congress & Empire Spring Co. v. Edgar, 99 U.S. 645, 25 L.Ed. 487 cited in Anderson v. Anderson, 41 S.D. 32, 168 N.W. 852. A general review of this subject appears in 3 C.J.S. Animals § 146, et seq.

■ Defendant claims insufficiency of the evidence to support the judgment and strenuously argues the evidence on her behalf indicates, as it does, the dog was playful and friendly. However, as the jury chose to believe plaintiff's version, the review of this court is limited to an examination of the record to see if there is competent evidence, viewed in light most favorable to her, which supports the verdict. Truxes v. Kenco Enterprises, Inc., 80 S.D. 104, 119 N.W.2d 914.

With these principles in mind we turn to defendant's claims that plaintiff's evidence does not support the charges of the dog's

harmful propensities or her knowledge of them. The parties were next door neighbors and defendant caused a high fence to be erected around her backyard so as to keep her German shepherd dog confined. There was evidence it was a pet, but also that he was trained as a watchdog. The dog was about 3 ft. tall, weighed 85 lbs. and was kept in the basement or backyard, but when workmen were improving the basement he was kept away from them in the yard. On the day of the claimed injuries, plaintiff was walking in her own backyard when she heard a noise behind her and turned and saw the dog coming toward her. It ran up, attacked her, knocked her down on the ground and continued to pounce on her as she lay there screaming until it was called back to defendant's yard. When it attacked plaintiff it ran very fast toward her and was growling. The dog had been in the basement, but had come up through a doorway into the garage and out into the neighbor's yard. Defendant was then in the garage area, but said she did not notice the dog getting out.

There was evidence that prior to this occasion the dog attacked a milkman as he approached defendant's house by way of the driveway; it ran after him with its head down and making a gurgling sound. The man was afraid and ran back into his truck. The dog followed him up into the truck. The man jumped out on the other side of the truck and closed the door and as the dog got out on the opposite side and started to come around the truck the man jumped back into the truck and shut both doors. Defendant witnessed this and in the ensuing conversation with the milkman told him the worst thing he could have done was to run. He also testified the dog had a reputation for being a vicious dog. There was further testimony the dog had jumped up at plaintiff's husband, which while objected to, was not stricken from the record. This foregoing evidence was sufficient to present jury questions. See Norman v. Norman, 103 Ga.App. 626, 120 S.E.2d 42; Tucker v. Sclafani & Sons, Sup., 200 N.Y.S.2d 778; Shuffian v. Garfola, 9 A.D.2d 910, 195 N.Y.S.2d 45.

Before passing this subject defendant's brief contains some contention that in view of her evidence that Frosty was friendly

and playful, plaintiff's injuries may have resulted from his propensity to playfully jump on a person. As to this contention courts have said "A large, strong, and over-friendly dog may be as dangerous as a vicious one", Groner v. Hedrick, supra, and where it was argued that a ram may have butted persons from the exuberance of a playful spirit and not from an ugly disposition held defendant liable, saying "It might have been fun for the ram, but it was hurtful to Mrs. Oakes." See State v. McDermott, supra, citing and commenting on Oakes v Spaulding, 40 Vt. 347. The evidence shows enough to indicate the dog was not in a playful mood and we do not find it necessary to determine liability on that premise.

Assignment of error VII asserts error in giving Instruction No. 4 and while it is not specifically referred to in the argument in defendant's brief, we mention it.

The instruction was:

"You are instructed that it is the law that the owner of a dog with a mischievous and dangerous disposition and one likely to cause injury to another and which is so known by him or her, owes the duty to everyone engaged in a lawful undertaking to protect them from injury. If the owner fails or neglects to do this, he or she is liable for all damages proximately caused by the dog to another person."

Defendant excepted to the instruction:

"And the defendant objects and excepts to that part of the Court's Instruction No. 4 for the reason that such an Instruction is against the law and the evidence as applied in this case. In this case, the defendant has maintained, and the evidence so shows, as offered on our part, that the dog was not of a dangerous disposition or that he was one likely to cause injury to another, and she had no knowledge that he might injure another person, and that under the circumstances, and as applied to the facts in this case, this Instruction is not applicable."

■■ The instruction was not vulnerable to the objection made, as it was based on its inapplicability to the facts as offered by defendant that the dog was not of a dangerous disposition and defendant had no knowledge of its propensities. These have been alluded to heretofore. In Crowley v. Groonell, supra, the court approved the trial court's instruction which said where the mischievous propensity and the owner's knowledge thereof are proven, "then the duty of restraining the dog attached to defendant." While the instruction may have been more proper similarly phrased, rather than the "protect from injury" clause, this wording was not particularly called to the court's attention and we believe the jury were not confused as to its import applied to the facts.

■ Objection was made to the introduction of a Sioux Falls city ordinance providing no vicious dog shall be allowed off the owner's premises unless muzzled or on a leash and declaring a dog to be vicious when a propensity to attack a human being shall be known or ought reasonably to be known to the owner. Defendant argues the ordinance was "inadmissible to show negligence per se" and cites Karlow v. Fitzgerald, 110 U.S.App. D.C. 9, 288 F.2d 411 in support thereof. Defendant errs in assigning this effect to the ordinance or the application of the Karlow opinion here in that nothing in the ordinance or the instructions of the court in the case at bar mentions negligence per se. The trial court's instructions do not refer to the ordinance nor permit the jury to infer negligence or reach a verdict based on its violation. That difference is clear for in Karlow the trial judge permitted the jury to find defendant guilty of negligence per se and liable to plaintiff if it found defendant violated the district police regulation without the necessity of common law scienter. See 288 F.2d at 413. Assuming it was error to admit the ordinance no prejudice resulted.

Other claimed errors have received our attention and are not cause for reversal. The judgment appealed from is affirmed.

All the Judges concur.