ROSS, Respondent v. HANSON, Appellant

(200 N.W.2d 255)

(File No. 11039.  Opinion filed September 6, 1972)

**Martens, Goldsmith, May, Porter & Adam,** Pierre, for defendant and appellant.

**John Simpson,** Winner, for plaintiff and respondent.

HANSON, Presiding Judge.

In this action for personal injuries plaintiff alleged Shane Ross, a minor child, was attacked and injured by a shepherd dog owned by the defendant, Stanley Hanson, who knew or in the exercise of reasonable care should have known the dog was mean with children, had a dangerous disposition, and was likely to cause injury to others. The jury rendered a verdict for plaintiff in the amount of $12,500 upon which judgment was entered. Defendant appeals.

The facts are not disputed. Bernard Ross and defendant, Stanley Hanson, owned ranches in the same neighborhood. They were, and are, on friendly terms and visit back and forth frequently. On May 25, 1969 Bernard Ross took his two sons, Shane and Wesley, on a trip to the Hanson ranch to pay for a horse. While there Hanson wanted to drive to a pasture to look at some other horses and invited Ross to ride along. Hanson drove his pickup truck with Bernard Ross in front, and Shane Ross, age 7, and Wesley Ross, age 8, and Rodney Hanson, age 9, riding in the back of the pickup along with "Blackie", a shepherd, and another farm dog owned by Hanson. These were described as fairly large dogs.

There was no trouble with the dogs on the way out to the pasture, however Hanson testified that when they had traveled about a mile back toward his ranch he heard a dog growling. After stopping the pickup he found Blackie astraddle Shane Ross and the dog had bitten the boy. As a result of the dog bite Shane sustained a serious injury to his right eye.

■ ■ Our law relating to liability for injuries caused by dogs is somewhat incongruous. By statute "Any person owning, keeping, or harboring a dog that shall chase, worry, injure, or kill any poultry or domestic animals shall be liable for damages to the owner thereof for any injury caused by such dog to any such animal, fowl, or fowls. All property except such as is absolutely exempt, shall be subject to execution issued upon a judgment for such damages and costs." SDCL 40-34-2. Strict liability is thereby imposed upon the owner or keeper of any dog which kills or causes injury to fowls or domestic animals. There is no similar statute relating to personal injuries. In such cases the common law applies. Accordingly, an owner or keeper is not liable for personal injuries inflicted by a dog unless he knew or should have known of its dangerous propensities.

▮■ ■▮ Proof of negligence on the part of the owner in keeping or restraining a domestic animal is not essential to liability. Anderson v. Anderson, 41 S.D. 32, 168 N.W. 852. The gist of the action is the keeping of an animal after knowledge of its vicious propensity. Warwick v. Mulvey, 80 S.D. 511, 127 N.W.2d 433. As stated in 4 Am.Jur.2d, Animals, § 95, p. 343:

> "The owner is liable if he knew or should have known its dangerous propensities or that it was a probable source of harm, and proof that the owner of a vicious dog had notice of his vicious propensities may be made by introducing evidence of facts and circumstances from which an inference of knowledge arises. Knowledge of one attack by a dog is generally held sufficient to charge the owner with all its subsequent acts. There need be, however, no notice of injury actually committed, and therefore it is unnecessary to prove that a dog had ever before bitten anyone. In this respect, it is stated that the old doctrine that every dog is entitled to 'one bite' is out of harmony with a modern humanitarian society. The owner or keeper of a dog must observe manifestations of danger from him to human beings from other traits than viciousness alone, short of actual injury to some person, and cannot neglect to keep him in restraint until he has effectually killed or injured at least one person."

The only issue of consequence in the present action is whether or not the evidence is sufficient to show defendant knew, or should have known, of Blackie's dangerous propensity prior to its attack on Shane Ross. In this regard there is evidence Blackie previously bit Darla Hanson, a niece of the Hansons. The record is silent as to the circumstances and the resulting injury, if any, to the niece. On another occasion Blackie bit defendant's younger brother, Rodney Hanson. With reference to this incident Rodney testified they were crossing a fence and "Blackie couldn't make it and he got caught and I pulled his foot to try and help him move and I guess it hurt him and he bit me". The most persuasive evidence of scienter is defendant Hanson's undenied admission he knew Blackie had bitten two children and that "he should have got rid of it (the dog) before, but he never got around to it."

█ Defendant's extra-judicial statement was admissible as an exception to the hearsay rule. It was an expression of fact and not a mere opinion or legal conclusion. The rule is "Any statement made by or attributable to a party to an action which constitutes an admission against his interest and tends to establish or disprove any material fact in the case is competent evidence against him." 31A C.J.S. Evidence § 272, p. 696; Kellner v. Whaley, 148 Neb. 259, 27 N.W.2d 183, 189.

In the similar case of Berkowitz v. Simone, 96 R.I. 11, 188 A.2d 665, defendant's dog, Tippy, bit the plaintiff, Carmen Berkowitz, a three-year-old girl. Immediately after the incident defendant told Carmen's mother "she was sorry her dog had bitten Carmen and that she should have gotten rid of it when it bit Debbie." It further appeared that several months before Tippy had bitten Debbie Shapiro, a seven-year-old girl. On that occasion defendant told Debbie's mother she was sorry her dog had bitten Debbie. Defendant did not see her dog bite either girl, but obtained knowledge of each incident from what she had been told. In holding defendant's statements admissible as an exception to the hearsay rule the court said "the admission need not be based upon personal knowledge if the circumstances indicate that the declarant adopted the hearsay matter and that it was not a mere opinion or a legal conclusion but a matter of fact. Randall

v. Holmes, 69 R.I. 41, 31 A.2d 17; Salvitti v. Throppe, 343 Pa. 642, 23 A.2d 445, 138 A.L.R. 842; Lambros v. Coolahan, 185 Md. 463, 45 A.2d 96; 4 Wigmore, Evidence (3d ed.), § 1053, p. 12; 31A C.J.S. Evidence § 272 a and b, p. 700. The defendant here may be reasonably held to have adopted the hearsay matters of fact involved in both the Debbie and Carmen incidents when she did not then deny that Tippy was her dog. By voluntarily expressing her personal sorrow at each incident and especially her regret that she had not disposed of Tippy after he had bitten Debbie, she indicated her knowledge of and responsibility for his behavior." See also Mungo v. Bennett, 238 S.C. 79, 119 S.E.2d 522.

We conclude there was sufficient evidence in the record to submit to the jury the issue as to whether or not defendant had knowledge of the dangerous and vicious propensities of his dog prior to the time it bit Shane. Therefore, defendant's motion for a directed verdict was properly denied.

Affirmed.

All the Judges concur.