**Russell MYERS, Plaintiff and Appellant,**

v.

**LENNOX CO–OP ASSOCIATION, A corporation, Defendant and Appellee.**

**No. 13173.**

Supreme Court of South Dakota.

Argued Feb. 11, 1981.

Decided July 8, 1981.

Jeff Masten of Masten, Myrabo & Irons, P. C., Canton, for plaintiff and appellant.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

WOLLMAN, Chief Justice.

This is an appeal from a summary judgment of the trial court in a personal injury action. We affirm.

Appellant operates a garbage hauling business in the city of Lennox, South Dakota. Pursuant to an oral agreement, appellant rents a garbage receptacle to appellee, which he empties twice a week. Although usually he was assisted by an employee, on the day of the accident, appellant went alone to pick up appellee's garbage.

As appellant was backing his truck to a point in front of the receptacle, he observed some lumber piled in front of the receptacle. The lumber, which consisted of pieces four to six feet in length and three to four inches in width, prevented appellant from hooking the receptacle to the truck. Appellant thereupon stepped onto the pile of lumber in an attempt to position himself to throw the lumber into the truck. In so doing, appellant either fell or tripped over the lumber. As he fell, his right arm hit the power take-off lever on the truck, activating the dumping mechanism. Appellant's left hand was injured when it was caught in the rotating hopper.

Although appellee interposed other defenses, we limit ourselves to a consideration of the defense of assumption of risk inasmuch as we conclude that that defense bars appellant's action as a matter of law.

A motion for summary judgment can be granted only if there is no genuine issue with regard to any material fact. SDCL 15–6–56(c). Summary judgment is usually not appropriate for negligence actions. *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968).

Ordinarily, questions of negligence, contributory negligence, and assumption of risk are for the jury, provided there is evidence to support them. *Stenholtz v. Modica*, 264 N.W.2d 514 (S.D.1978). See also *Wolf v. Graber*, 303 N.W.2d 364 (S.D.1981). The standards of conduct are for the court to determine, however, when the facts are not in dispute or of such a nature that reasonable men could not differ. *Stenholtz v. Modica*, supra; *Bunkers v. Mousel*, 83 S.D. 45, 154 N.W.2d 208 (1967).

In order to support its assumption of risk defense, appellee must show that appellant not only had knowledge of the existence of the danger involved, whether actual or constructive, and an appreciation of its character, but also that appellant voluntarily accepted such risk by having a sufficient amount of time, knowledge, and experience to make an intelligent choice. *Wolf v. Graber*, supra; *Thomas v. St. Mary's Roman Catholic Church*, 283 N.W.2d 254 (S.D.1979).

At the time of the accident, appellant had had eight years' experience in the garbage hauling business. Neither weather conditions nor the location of the discarded lumber prevented appellant from seeing the lumber immediately prior to the accident. Indeed, appellant himself testified that "[y]ou couldn't help but see [the lumber]."

There was no showing that by placing the lumber in front of the receptacle appellee in effect gave appellant no reasonable alternative to encountering the hazard presented by the lumber. Cf. W. Prosser, Law of Torts § 68 (4th ed. 1971). Appellant could have positioned himself to throw the lumber into the truck without walking on the lumber.

We conclude that reasonable men could not differ on the question whether

appellant assumed the risk. Appellant had an appreciation of the knowledge of the existence and character of the danger of walking on the lumber. His decision to walk on the lumber was made under such circumstance that he must be held to have made an intelligent choice to encounter the risk presented by that course of action. *Wolf v. Graber*, supra; *Thomas v. St. Mary's Roman Catholic Church*, supra.

The summary judgment is affirmed.

All the Justices concur.