**A.J. CARLSON and Stener Carlson, Executors of the Estate of Ruth Evenson, Deceased, Appellants,**

v.

**Clifford PETERSON, d/b/a Cliff's Texaco, Appellee.**

No. 84–1730.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1984.

Decided March 5, 1985.

Steven C. Beardsley, Rapid City, S.D., for appellants.

Wayne Gilbert, Rapid City, S.D., for appellee.

Before ARNOLD, FAGG, and BOWMAN, Circuit Judges.

FAGG, Circuit Judge.

A.J. and Stener Carlson, on behalf of the estate of their mother, Ruth Evenson, appeal a judgment entered on a jury verdict in favor of Clifford Peterson. Mrs. Evenson died after a fall at Peterson's gasoline service station in April 1980. The Carlsons claim that the trial court committed several errors, including instructing the jury on the defense of assumption of the risk when no evidence supports such a charge. We affirm.

Cliff Peterson owned and operated a Texaco service station in Lemmon, South Dakota, until he retired shortly before trial. On April 10, 1980, a friend drove Ruth Evenson, in Evenson's car, to Peterson's station to have her snow tires removed. To do the job, Peterson raised the car on a hoist about six inches, while Evenson remained in the passenger seat. Peterson finished the job, and Evenson and her friend drove away.

A short time later, Evenson and her friend returned to the station upon discovering a noise coming from underneath the car. Peterson said he would have to raise the car to check underneath and inquired whether Evenson would like to get out. She declined, expressing a desire to stay in the car and read the newspaper. Peterson raised the car over five feet in the air. As Peterson began work on a detached muffler, he saw Evenson tumble from the car to the ground. Evenson suffered head injuries from which she later died.

At trial, Peterson introduced into evidence testimony of a private investigator who rode up on the same hoist. The witness testified that the sights, sounds, and sensations surrounding the upward movement of the hoist made it obvious that he sat five or six feet above the ground. From that evidence, Peterson claims that

Mrs. Evenson had constructive knowledge of her peril, yet chose to encounter it and thus assumed the risk of her injury. *See Myers v. Lennox Co-op Ass'n*, 307 N.W.2d 863, 864–65 (S.D.1981).

We agree. In South Dakota, the defense of assumption of the risk bars recovery if the injured party had knowledge, either actual or constructive, of the danger involved in a situation; appreciated the risk of that situation; and voluntarily accepted that risk. *Id.; Stenholtz v. Modica*, 264 N.W.2d 514, 517–18 (S.D.1978). One has constructive knowledge of a risk if the risk is so plainly observable that anyone of competent faculties will be charged with knowledge of it. *E.g., Bartlett v. Gregg*, 77 S.D. 406, 92 N.W.2d 654, 657 (S.D.1958); Prosser, *Torts* § 68, at 448 (4th ed. 1971). In addition, there are risks the appreciation of which no adult can deny, such as the danger of falling from a height. *E.g., Prosser, supra*, at 448; Restatement (Second) of Torts § 496D comment d (1965). Finally, voluntariness can be established by demonstrating that the injured party had enough time, knowledge and experience to make an intelligent choice. *Myers*, 307 N.W.2d at 864.

The Carlsons claim that the evidence does not support an instruction on assumption of the risk. They rely on Peterson's failure to warn Mrs. Evenson of the precise height to which he planned to raise the car and on Mrs. Evenson's experience one-half hour before the accident when Peterson raised her car only six inches. On the other hand, Peterson testified that he told Mrs. Evenson he was going to raise the car to check underneath. From the evidence of the sights, sounds, and sensations involved in riding up the hoist, a jury could find that Mrs. Evenson knew of and appreciated her peril. That she may have momentarily forgotten where she was does not preclude a finding of assumption of the risk. Prosser, *supra*, at 449. Mrs. Evenson was an alert individual, suffering from no infirmities, and nothing suggests she was forced to get out of the car. We are satisfied that the trial

**74**

judge committed no error by submitting the defense of assumption of risk to the jury.

The Carlsons also claim that the trial judge committed error by instructing the jury that Peterson had a duty to exercise care for Mrs. Evenson's safety and rejecting a proposed instruction that Peterson had a specific duty to warn his invitees of dangerous conditions. We do not consider this reversible error because the instruction given to the jury was a correct, albeit brief, statement of South Dakota law. *See* South Dakota Pattern Jury Instructions, Civil §§ 120.06A, 120.06B (1968).

We have carefully considered the other claims made by the Carlsons and find them lacking in merit. Accordingly, the judgment of the district court is affirmed.