**Donald ZEEB and Norma Zeeb,
Plaintiffs and Appellants,**

v.

**Clifford HANDEL, Defendant
and Appellee.**

**No. 15319.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1986.

Decided Feb. 25, 1987.

Robert J. Burns of Robert J. Burns Law Office, Sioux Falls, for plaintiffs and appellants.

Comet H. Haraldson of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for defendant and appellee.

PER CURIAM.

Plaintiffs Donald Zeeb and Norma Zeeb appeal from a summary judgment granted to defendant Clifford Handel in this negligence cause of action. We reverse.

On the night of June 2, 1983, Zeebs were driving west on Highway 18 near Menno in Hutchinson County, South Dakota. Highway 18 is the main highway going in and out of Menno. Zeebs were traveling about 50–55 miles per hour, with their headlights on low beam because of a vehicle approaching from the west. Suddenly, they encountered a number of cows on the highway, and their vehicle struck one or more of them. The cattle were owned by defendant Handel.

A day or two before the accident, Handel had placed his cattle in a pasture located near the scene of the accident. Handel's son checked the cattle less than an hour before the accident, and at that time all of the cattle were in the pasture. On the morning after the accident, it was determined that the cattle had gotten out of the pasture through a gate wire that broke from an unknown cause. This gate wire had been installed in 1970 and evidently had not been replaced in the thirteen years prior to the accident.

Zeebs brought suit alleging negligence on the part of Handel, and Handel moved for summary judgment. In support of his motion, Handel presented affidavits stating that he always maintained his fences and that cattle had never gotten out of that pasture in the past. In opposition, Zeebs presented affidavits from farmers in the area which indicated that Handel's cattle had gotten out of that pasture about a year before the accident, on the day immediately preceding the accident, and then again on the morning of the accident. Despite these affidavits, the trial court granted Handel's motion.

On appeal, Zeebs argue that the trial court erred in granting summary judg-

ment; they contend that there are genuine issues of material fact as to whether Handel was negligent in the maintenance of his fences. We agree.

Summary judgment should be rendered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. SDCL 15–6–56(c); *American Indian Agricultural Credit Consortium, Inc. v. Fort Pierre Livestock, Inc.*, 379 N.W.2d 318 (S.D.1985). This court has stated on numerous occasions that summary judgment is generally not appropriate in negligence actions. *Lalley v. Safway Steel Scaffolds, Inc.*, 364 N.W.2d 139 (S.D.1985); *Nemec v. Deering*, 350 N.W.2d 53 (S.D.1984); *Myers v. Lennox Co-op Ass'n*, 307 N.W.2d 863 (S.D.1981); *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). Issues of negligence and contributory negligence are ordinarily questions of fact for the jury and should be resolved by trial in the normal manner. *Myers, supra; Wilson, supra.*

 Furthermore, the owner of a domestic animal has a duty to protect individuals from the hazard of livestock on the highway if the danger should have been reasonably anticipated. *Pexa v. Clark*, 85 S.D. 37, 176 N.W.2d 497 (1970); *Eixenberger v. Belle Fourche Livestock Exchange*, 75 S.D. 1, 58 N.W.2d 235 (1953). Whether the owner could have anticipated that the animals would stray onto the highway is a question of fact for the jury. *Id.*

Here, Zeebs have clearly raised the issue of whether Handel could have anticipated that his cattle would stray onto the highway. Two of Zeebs' witnesses claim that Handel's cattle got out of the pasture on the day before the accident and again on the morning of the accident. If that is the case, one could anticipate that the cattle would get out again if the fence was not fixed, especially if the fence had not been repaired or replaced for a number of years. Meanwhile, other witnesses claim that Handel's cattle have never gotten out of the pasture and onto the highway. Such conflicting testimony goes to the heart of

Zeebs' negligence claim and can only be resolved by a jury. Consequently, the trial court erred in granting summary judgment. SDCL 15–6–56(c); *Wilson, supra.*

The judgment of the trial court is reversed.

FOSHEIM, Retired Justice, participating.

MILLER, J., not having been a member of the court at the time this action was submitted to the court, did not participate.