2001 SD 10

**Jessica Marie GEHRTS, Plaintiff and Appellant,**

v.

**Jon BATTEEN and Cindy Nielsen, Defendants and Appellees.**

**No. 21456.**

Supreme Court of South Dakota.

Argued Nov. 30, 2000.

Decided Jan. 17, 2001.

776

Thomas M. Tobin of Tonner, Tobin and King, Aberdeen, South Dakota, Attorneys for plaintiff and appellant.

Roy A. Wise of Richardson, Groseclose, Wyly, Wise & Sauck, Aberdeen, South Dakota, Attorneys for defendants and appellees.

GILBERTSON, Justice

[¶ 1.] Gehrts was bitten by a St. Bernard owned by Nielsen. Gehrts sued Nielsen in strict liability and in negligence. The trial court granted summary judgment as to both claims. Gehrts appeals and we affirm.

## FACTS AND PROCEDURE

[¶ 2.] On July 29, 1995, Cindy Nielsen (Nielsen) visited the home of Jessica Gehrts (Gehrts) to pick up a wreath made by Gehrts' mother. Nielsen had come directly from dog obedience school with her eight-month-old dog, Wilbur, a St. Bernard. Wilbur was secured in the back of Nielsen's pickup by a harness attached to a restraining device that had been installed in the pickup box. This device allowed Wilbur to move freely between the sides of the box, but limited his movement between the front and back. While the parties were near the truck, Gehrts asked Nielsen if she could pet Wilbur. Nielsen allowed her to do so. As Gehrts reached up to pet Wilbur, he bit her in the face, causing injuries to her nose and forehead. Gehrts

received extensive medical treatment as a result of those injuries.

[¶ 3.] Gehrts sued Nielsen and her husband, Jon Batteen, to recover for her injuries. In her complaint, Gehrts alleged that Nielsen was negligent in failing to restrain or control her dog. Nielsen moved for summary judgment, which was granted. Gehrts appeals the trial court's ruling and we affirm.

## STANDARD OF REVIEW

[¶ 4.] When reviewing a trial court's decision to grant summary judgment, we will affirm only if all legal questions have been decided correctly and there are no genuine issues of material fact. *Holzer v. Dakota Speedway*, 2000 SD 65, ¶ 8, 610 N.W.2d 787, 791 (citations omitted). The nonmoving party will receive the benefit of all reasonable inferences that can be drawn from the facts. *Id*. It is the responsibility of the moving party to demonstrate the absence of genuine issues of material fact. *Id.* at 791–92. Only if that burden is met will the moving party be entitled to judgment as a matter of law. *Id.* at 792. Additionally, summary judgment will be affirmed if it is correct for any reason. *Strassburg v. Citizens State Bank*, 1998 SD 72, ¶ 5, 581 N.W.2d 510, 513.

## ANALYSIS AND DECISION

[¶ 5.] 1. Negligence

[¶ 6.] When wild animals, such as a bear or wolf, are kept as pets, an owner is liable for injuries caused by the animal. *Warwick v. Mulvey*, 80 S.D. 511, 513, 127 N.W.2d 433, 434 (1964). This results even if the owner had no prior knowledge of the animal's propensity to cause harm, and even if the owner has exercised the utmost care in preventing harm.

[¶ 7.] Owners of domesticated animals may also be held liable for harm caused by their pet if the owner knows or has reason to know that the animal has abnormally dangerous propensities. *Bau-*

*man v. Auch,* 539 N.W.2d 320, 324 (S.D. 1995) (citing *Anderson v. Anderson,* 41 S.D. 32, 36, 168 N.W. 852, 852–53 (1918)). Again, this liability attaches regardless of the amount of care exercised by the owner. *Id.* However, this liability is not strict liability. Rather, the failure to act upon the knowledge of an animal's abnormally dangerous propensities establishes a breach of the duty of care owed by the owner to those that come in contact with the animal. As it is a cause of action sounding in negligence, the defenses of contributory negligence and assumption of the risk are available to temper this liability. *Id.*

[¶ 8.] Before this breach of duty will affix to an owner, the plaintiff must establish that the owner knew or should have known of that animal's dangerous propensities. This knowledge is generally imputed to the owner when there is evidence of at least one attack by the animal.[1] In the case of a dog, evidence of the owner's knowledge that it constantly barked, bared its teeth, and strained at its leash is sufficient to establish dangerous propensities, absent an actual attack. 4 AmJur2d, *Animals* § 98 (1995).

[¶ 9.] However, in certain instances a cause of action for negligence can survive without the owner's actual knowledge of an animal's dangerous propensities. *Warwick,* 80 S.D. at 513, 127 N.W.2d at 434; 4 AmJur2d, *Animals* §§ 102, 107. When the owner does not know of the animal's dangerous propensities, the ordinary negligence standard of foreseeability will still be applied. *Id.* To recover, the plaintiff must establish that a duty existed between the owner and the victim and that there was a breach of that duty. Thus, when no actual knowledge of dangerousness exists, the plaintiff must establish that as an ordinary, prudent person, the owner should have foreseen the event that caused the injury and taken steps to prevent the injury. Such liability

may arise "depending upon the kind and character of the particular animal concerned, the circumstances in which it is placed, and the purposes for which it is employed or kept." *Id.* § 102.

[¶ 10.] In the present action, there has been no evidence presented that Nielsen had any knowledge that Wilbur had dangerous propensities. The parties agree that, by nature, St. Bernards are gentle dogs. Nielsen and her husband testified in their depositions that Wilbur had never previously growled, bared his teeth, tried to bite or act aggressively toward any person. In addition, Gehrts admitted that she did not know of any incidents that would have alerted Nielsen to any dangerous propensities. Gehrts argues that the act of an unprovoked biting is evidence of the animal's dangerous propensity. While other jurisdictions may allow juries to determine after the fact whether the animal had dangerous propensities, such reasoning has been expressly rejected in South Dakota. *Tipton v. Town of Tabor,* 1997 SD 96, ¶ 23, 567 N.W.2d 351, 361.

[¶ 11.] Nevertheless, Gehrts will still be allowed to recover if she can show that Nielsen failed to use reasonable care in the circumstances in that Nielsen as a prudent person should have foreseen the danger. In support of this claim, Gehrts produced an affidavit from a dog expert who concluded that Nielsen acted in an unreasonable manner when she failed to properly restrain Wilbur. This affidavit was based largely on the fact that the Gehrts family kept a dog at their home, its scent would be on Gehrts, and Nielsen should have known that the smell of a strange dog would make Wilbur act aggressively. However, there is no evidence in the record that Nielsen was aware that Gehrts owned a dog or that the scent of the dog would be on Gehrts. Beyond the asser-

1. There is no requirement that the attack cause injury to the victim to establish dangerous propensities. The common law "one free bite rule" was expressly rejected in *Ross v. Hanson,* 86 S.D. 654, 656, 200 N.W.2d 255, 256 (1972).

tions in the affidavit, there is no evidence or reason to believe that Nielsen knew, or as a prudent person should have known, that the scent of a strange dog would cause Wilbur to attack Gehrts.

[¶ 12.] Gehrts also claims that Nielsen was negligent in failing to restrain and have control over Wilbur while he was being petted by Gehrts. Wilbur was attached to a harness in the back of the pickup. This harness was specifically designed to secure a large dog. Gehrts claims that Nielsen should have released Wilbur from the harness, taken him out of the truck bed and allowed Gehrts to pet him while Nielsen held the leash. Whether this would have prevented the injury is speculative. It may actually have exacerbated the situation. If Wilbur had become sufficiently agitated to pull free of Nielsen's control, Gehrts' injuries may have been much more severe. As the nonmoving party, Gehrts has the obligation to "set forth specific facts showing that there is a genuine issue for trial." SDCL 15–6–56(e). "[P]roof of a mere possibility is never sufficient to establish a fact. 'When challenging a summary judgment, the nonmoving party "must substantiate [her] allegations with sufficient probative evidence that would permit a finding in [her] favor on more than mere speculation, conjecture, or fantasy." ' "Elliott v. A & B Welding Supply Co., 1999 SD 57, ¶ 16, 594 N.W.2d 707, 710 (internal citations omitted). Gehrts has failed to substantiate her allegations beyond the level of mere speculation or conjecture.

[¶ 13.] There is simply no evidence that Nielsen violated the reasonable person standard of care in her handling of Wilbur. Therefore, Gehrts' cause of action for negligence cannot survive.

[¶ 14.] **2. Strict Liability**

[¶ 15.] Nielsen also urges us to follow the lead of the South Carolina Supreme Court by judicially adopting a strict liability standard for injuries caused by dogs. *See Hossenlopp v. Cannon,* 285 S.C.

367, 329 S.E.2d 438 (1985). We decline to do so. The overwhelming majority of states that impose strict liability for injuries caused by dogs have done so through legislative mandate. *See* Ariz.Rev.Stat. Ann. § 11–1025 (West 1990 & Supp. 2000); Cal.Civil Code § 3342 (West 1997); Fla. Stat.Ann. § 767.04 (West 1997 & Supp. 2000); Mass.Gen.Laws Ann. ch. 140, § 155 (West 1995); Mich.Comp.Laws § 287.351 (1996); Minn.Stat.Ann. § 347.22 (West 1990); Neb.Rev.Stat. § 54–601 (1998); N.J.Stat.Ann. § 4:19–16 (West 1998); Wash.Rev.Code.Ann. § 16.08.040 (West 1992). Our legislature has already imposed strict liability on dog owners for damages inflicted upon "poultry or domestic animal[s]." SDCL 40–34–2. While one may question the application of strict liability for damages to livestock, but not for injuries to children, the legislature is the proper place to decide such public policy issues.

[¶ 16.] The trial court's grant of summary judgment is affirmed.

[¶ 17.] AMUNDSON and KONENKAMP, Justices, concur.

[¶ 18.] MILLER, Chief Justice, and SABERS, Justice, dissent.

SABERS, Justice (dissenting).

[¶ 19.] **SDCL 20–9–1 provides in part: Every person is responsible for injury to the person, property, or rights of another caused by his willful acts or caused by his want of ordinary care or skill** . . . .

[¶ 20.] SDCL 20–9–1 declares that *every* person, which includes a dog owner, is responsible for "injury to the person . . . caused by want of ordinary care." The majority opinion correctly recognizes that "a cause of action for negligence can survive without the owner's actual knowledge of an animal's dangerous propensities." "In the absence of any evidence of viciousness of a dog . . . liability for the injuries attach under the due diligence and ordinary care rule." 4 AmJur2d *Animals,* § 107 (1995). Yet, while recognizing that

knowledge of viciousness is not always required, the majority opinion analysis proceeds *as though it is.*

[¶ 21.] The owner of a domesticated animal may be subject to a negligence cause of action for harm caused. *Bauman v. Auch,* 539 N.W.2d 320, 324 (S.D.1995). I agree with the majority opinion's statement that "Gehrts will still be allowed to recover if she can show that Nielson failed to use reasonable care in the circumstances in that Nielson as a prudent person should have foreseen the danger." However, I disagree with the premature conclusion that the facts of this case warrant summary judgment for Nielson. "This Court has stated on numerous occasions that summary judgment is generally not appropriate in negligence actions." *Lalley v. Safway Steel Scaffolds, Inc.,* 364 N.W.2d 139, 140 (S.D.1985); *Nemec v. Deering,* 350 N.W.2d 53, 56 (S.D.1984); *Myers v. Lennox Co-op. Assn.,* 307 N.W.2d 863, 864 (S.D.1981). In addition, the existence of an affirmative defense, such as contributory negligence, is ordinarily a question of fact to be resolved by the jury. *Myers,* 307 N.W.2d at 864.

[¶ 22.] An owner of a domesticated animal has a duty to protect individuals if the danger should be reasonably anticipated. *Zeeb v. Handel,* 401 N.W.2d 536, 537 (S.D. 1987). Whether that owner should anticipate such danger is a question of fact to be decided by a jury. *Id.* "The necessary precautions to be observed or foresight to be exercised are usually questions to be re-

solved by the jury." *Hardsaw v. Courtney,* 665 N.E.2d 603, 607 (Ind.App.1996). "Any given method of restraining a dog may or may not be adequate under the particular facts of a particular case." *Id.*

[¶ 23.] Whether Nielson was negligent: 1) in restraining the dog, 2) allowing the fourteen year old girl to pet the dog, 3) failing to release the dog from the harness, or 4) whether Nielson knew that her co-worker, Gehrts' mother, owned a dog at that house are genuine issues of material fact that should be resolved by a jury. The facts of this case can not be resolved by summary judgment or rubber stamped by appellate review. The majority opinion's finding that Nielson was not negligent for failing to release the dog from the harness is a function best left to the jury .[2]

[¶ 24.] I would reverse and remand for a jury to determine whether Nielson's conduct fell below the standard of care. If it was, then and only then, do questions of assumption of the risk or contributory negligence arise. Therefore, I respectfully dissent.

[¶ 25.] MILLER, Chief Justice, joins this dissent.

---

**2.** In response to Gehrts' argument that the dog should have been released from the harness, the majority opinion states:
> Whether this would have prevented the injury is speculative. It may actually have exacerbated the situation. If Wilbur had

become sufficiently agitated to pull free of Neilson's control, Gehrts' injuries may have been much more severe.

I believe, and South Dakota law provides, that such fact-finding is best left to the jury.