#25494-rev & rem-GAS

**2010 SD 54**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

NODAK MUTUAL INSURANCE
COMPANY,                                              Plaintiff and Appellant,

    v.

NICHOLE MCDOWELL and
KEVIN DUNN,                                          Defendants and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE TONY L. PORTRA
Judge

\* \* \* \*

JULIA M. DVORAK of
Siegel, Barnett and Schutz, LLP
Aberdeen, South Dakota                    Attorneys for plaintiff
                                          and appellant.


BARBARA ANDERSON LEWIS of
Oppegard, Wolf & Quinton
Moorhead, Minnesota                       Attorneys for defendants
                                          and appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
ON MAY 24, 2010

OPINION FILED **06/30/10**

SEVERSON, Justice

[¶1.] Nodak Mutual Insurance Company (Nodak) paid basic no-fault benefits to its insured, Nichole McDowell, a North Dakota resident, as a result of an automobile accident in South Dakota caused by Kevin Dunn, a South Dakota resident. McDowell then brought a negligence action against Dunn, which the parties settled without notifying Nodak. When McDowell and Dunn refused to reimburse Nodak for the benefits it paid McDowell, Nodak initiated this lawsuit to pursue its right of subrogation. The trial court granted summary judgment in McDowell and Dunn's favor, concluding that Nodak did not have a right of subrogation under North Dakota law because Dunn was a "secured person." Nodak appeals. We reverse and remand.

## BACKGROUND

[¶2.] The relevant facts of this case are undisputed. Nodak provided basic no-fault insurance coverage to McDowell and her husband Charles, both residents of Ellendale, North Dakota. On December 17, 2005, McDowell was a passenger in a vehicle driven by Charles. The McDowells were traveling north on North Roosevelt Street in Aberdeen, South Dakota, and stopped at a stoplight at the intersection of North Roosevelt Street and Northeast Eighth Avenue. Dunn, a South Dakota resident who was also traveling north on North Roosevelt Street, struck the rear of the McDowell vehicle.

[¶3.] The McDowells sustained injuries as a result of the accident. Consequently, Nodak paid Charles, its insured, $1,816.33 in no-fault benefits. Dunn's insurer, Progressive Insurance, reimbursed Nodak in that amount. Nodak

also paid McDowell $5,008.41 in no-fault benefits. A letter dated May 8, 2007, informed Progressive Insurance that its "investigation of this accident indicate[d] that liability rest[ed] with [Dunn]." Nodak requested "reimbursement under the provisions of the North Dakota Auto Accident Reparations Act for benefits and expenses incurred."

[¶4.]     McDowell later brought a negligence action against Dunn to recover damages for the injuries she sustained in the accident. McDowell and Dunn settled the lawsuit for $20,000 without notifying Nodak. As part of the settlement agreement, McDowell released her claims against Dunn and Progressive Insurance. Nodak sought reimbursement from the settlement proceeds for the no-fault benefits it paid McDowell. McDowell and Dunn refused to reimburse Nodak.

[¶5.]     On March 5, 2008, Nodak initiated the present action to pursue its right of subrogation against McDowell and Dunn. On October 5, 2009, McDowell and Dunn filed a motion for summary judgment, arguing that Nodak did not have a right to subrogation under North Dakota law because Dunn was a "secured person."[1] On October 16, 2009, Nodak filed a cross-motion for summary judgment.

---

1.     The parties do not dispute that this action is properly resolved under North Dakota law. But McDowell argues that because North Dakota law applies, this Court must resolve this case as if the accident occurred in North Dakota. McDowell misinterprets the North Dakota statutory scheme regarding no-fault insurance coverage as well as North Dakota and South Dakota choice-of-law jurisprudence. *See* Great W. Cas. Co. v. Hovaldt, 1999 SD 150, 603 NW2d 198. *See also* Schleuter v. N. Plains Ins. Co., 2009 ND 171, 772 NW2d 879; Nodak Mut. Ins. Co. v. Wamsley, 2004 ND 174, 687 NW2d 226. That North Dakota law applies does not require this Court to interpret that law as if the accident occurred in North Dakota.

The trial court granted summary judgment in McDowell and Dunn's favor. Nodak appeals.

## STANDARD OF REVIEW

[¶6.] This Court's standard of review for a grant or denial of a motion for summary judgment is well settled. "In reviewing a grant or a denial of summary judgment under SDCL 15-6-56(c), we determine whether the moving party has demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law." Janis v. Nash Finch Co., 2010 SD 27, ¶6, 780 NW2d 497, 500 (quoting Dykstra v. Page Holding Co., 2009 SD 38, ¶23, 766 NW2d 491, 496). Because the facts of this case are undisputed, the only issue here is whether the trial court committed a legal error. In considering the trial court's grant of McDowell and Dunn's motion for summary judgment, this Court "will affirm only if all legal questions have been decided correctly[.]" Gerhts v. Batteen, 2001 SD 10, ¶4, 620 NW2d 775, 777 (citing Holzer v. Dakota Speedway, Inc., 2000 SD 65, ¶8, 610 NW2d 787, 791).

## ANALYSIS AND DECISION

[¶7.] Nodak argues that it has a right of subrogation against McDowell and Dunn because Dunn was not a "secured person" under North Dakota law:

> A basic no-fault insurer which has paid or may become obligated to pay basic no-fault benefits under this chapter is subrogated to the extent of its obligations to all of the rights of the injured person against any person other than a secured person.

NDCC 26.1-41-16. The issue in this case, therefore, is the meaning of the term "secured person." Under either South Dakota or North Dakota law, "[s]tatutory interpretation is a question of law, reviewed de novo[,]" and "[w]ords and phrases in

a statute must be given their plain meaning and effect." *In re* Guardianship of S.M.N., T.D.N., and T.L.N., 2010 SD 31, ¶9, 781 NW2d 213, 218-19 (citations omitted). *See* Sauby v. City of Fargo, 2008 ND 60, ¶8, 747 NW2d 65, 68.

[¶8.] We follow a string of statutes to determine whether Dunn was a "secured person" within the meaning of North Dakota law. NDCC 26.1-41-01(20) defines a "secured person" as "the owner, operator, or occupant of a secured motor vehicle[.]" A "secured motor vehicle," in turn, is "a motor vehicle with respect to which the security required by this chapter was in effect at the time of its involvement in the accident resulting in accidental bodily injury." NDCC 26.1-41-01(19). The "security required" is defined by NDCC 26.1-41-02(1):

> The owner of a motor vehicle *required to be registered in this state*, or the owner of a motor vehicle *operated in this state* by the owner or with the owner's permission, shall continuously provide with respect to the motor vehicle during the period in which *operation is contemplated in this state* security for payment of basic no-fault benefits and the liabilities covered under the motor vehicle liability insurance.

(Emphasis added.) *See Schleuter*, 2009 ND 171, ¶22, 772 NW2d at 890 ("North Dakota's financial responsibility insurance law is a compulsory law and applies to non-resident operators of motor vehicles *in this state*." (emphasis added)); Farmers Union Mut. Ins. Co. v. Assoc. Elec. & Gas Servs., Ltd., 2007 ND 135, ¶14, 737 NW2d 253, 257 ("[A]n owner of a motor vehicle, *registered or operated in this state*, must provide security for payment of both 'basic no-fault benefits' and 'liabilities covered under the motor vehicle liability insurance[.]'" (emphasis added and citations omitted)).

[¶9.]     We apply this statutory scheme to this case to determine whether Dunn was a "secured person" under North Dakota law. At the time of the accident causing McDowell's injuries, Dunn's vehicle was neither registered nor operated in North Dakota. His vehicle was registered and operated in South Dakota, which does not require no-fault insurance coverage. Because Dunn was not required to have basic no-fault benefits in place at the time of the accident, his vehicle was not a "secured motor vehicle" and he was not a "secured person" under North Dakota law.[2] A South Dakota motor vehicle liability insurance policy is not transformed into a North Dakota no-fault insurance policy merely because a South Dakota resident is involved in an accident with a North Dakota resident.

[¶10.]     McDowell relies on NDCC 26.1-41-02(3) and 26.1-41-05(2) to argue that Dunn was a "secured person." NDCC 26.1-41-02(3) contemplates the manner in which no-fault insurance coverage is extended to out-of-state residents operating vehicles in North Dakota: "If the motor vehicle is registered in another state, the security [required] may be provided by an insurance policy issued by an insurer authorized to transact business in either this state or the state in which the motor vehicle is registered[.]" Similarly, NDCC 26.1-41-05(2) requires that insurers

---

2.     Had Dunn been operating his vehicle in North Dakota at the time of the accident, his vehicle, which is insured by an "insurer authorized to transact the business of motor vehicle liability insurance in [North Dakota]," would have been covered by no-fault insurance. *See* NDCC 26.1-41-02(3) and 26.1-41-05(2). The "security required" would have been "in effect at the time of [his] involvement in the accident," making his vehicle a "secured motor vehicle," NDCC 26.1-41-01(19), and him a "secured person," NDCC 26.1-41-01(20). But these are not the facts of this case.

guarantee that their motor vehicle insurance policies provide no-fault coverage when their insureds operate motor vehicles in North Dakota:

> Every insurer authorized to transact the business of motor vehicle liability insurance in this state shall file with the commissioner as a condition of its continued transaction of business in this state a form declaring that its motor vehicle liability policies wherever issued are deemed to provide the security required by this chapter *when the motor vehicle is operated in this state.*

(Emphasis added.)   McDowell mistakenly relies on these provisions.  Because Dunn was not operating his vehicle in North Dakota and his vehicle was not registered in North Dakota at the time of the accident, NDCC 26.1-41-02(3) and 26.1-41-05(2) do not apply to this case.  Dunn was not a "secured person" under North Dakota law, and Nodak may pursue its subrogation action against McDowell and Dunn.

[¶11.]      Reversed and remanded.

[¶12.]      GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.