BROWN, Respondent, v. WISCONSIN GRANITE COMPANY, Appellant.

(201 N. W. 555.)

(File No. 5234.    Opinion filed December 18, 1924.)

1. **Frauds, Statute of—Contracts—Pleadings—Motions—Defense of Statute Should Be Raised by Demurrer, Objection, Motion, or Otherwise.**

    Defense of statute of frauds, in action on contract, should be raised by demurrer to complaint, objection to admission of or motion to strike out oral evidence of contract, motion for directed verdict, or otherwise.

2. **Trial—Jury—Instructions—Long Instruction Containing Contradictory Statements of Fact and Law Held Properly Refused.**

    Instruction covering nearly four pages of printed record and containing many contradictory statements of fact and law, held properly refused.

3. **Appeal and Error—Question Not Properly Before, Nor Considered by, Trial Court Not Reviewable.**

    Question not properly before, nor considered by, trial court cannot be reviewed by Supreme Court.

4. **Appeal and Error—New Trial—Specifications—Statute of Frauds Held Properly Presented to Trial Court by Specification of Error on Motion for New Trial.**

    Whether oral contract sued on was invalid under Rev. Code 1919, Sec. 855, as incapable of performance within year, held properly presented to trial court so as to permit review by specification of error, on motion for new trial, though question had not previously been raised.

5. **New Trial—Estoppel—Appeal and Error—Defendant Not Estopped from Raising Question of Statute of Frauds, on Motion for New Trial, by Failure to Raise It During Trial.**

Defendant, failing to question validity of oral contract sued on, as incapable of performance within year (Rev. Code 1919, Sec. 855), during trial, held not estopped from raising question on motion for new trial.

6. **Contracts—Burden of Proof—Evidence—Burden of Proving Contract, Denied by Defendant, on Plaintiff.**
Defendant's denial of contract sued on casts on plaintiff burden of proving it by competent evidence.

7. **Frauds, Statute of—Evidence—Contracts—Writing Only Competent Evidence of Contract Not to Be Performed Within Year.**
Under Rev. Code 1919, Sec. 855, writing is only competent evidence of contract not to be performed within year.

8. **New Trial—Appeal and Error—Court Must Determine Whether There Is Any Competent Evidence to Support Cause of Action on Motion for New Trial on Such Ground.**
Where absence of any competent evidence to support cause of action is presented to trial court as ground for new trial, court must consider and determine such question.

9. **Frauds, Statute of — Contracts — Evidence — Oral Contract for Year's Service Invalid.**
Oral contract for year's service from future date held invalid, under Rev. Code 1919, Sec. 855, as incapable of performance within year.

10. **Frauds, Statute of—Actions—Contracts—Employer Voluntarily Paying Employee Full Salary for Time Worked Cannot Recover Money Paid on Ground Contract Was Invalid.**
Employer voluntarily paying employee full salary for all time worked cannot recover any of money so paid on ground contract was invalid under statute.

11. **Frauds, Statute of—Contracts—Employee Cannot Recover for Time Not Worked and Bonus Claimed Under Oral Contract for Year's Service.**
Contract for year's service being invalid under Rev. Code 1919, Sec. 855, employee discharged before end of year cannot recover for time he did not work, nor bonus due him at end of year, as he must rely strictly on terms of alleged contract.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

*Parliman & Parliman,* of Sioux Falls, for Appellant.
*Kirby, Kirby & Kirby,* of Sioux Falls, for Respondent.

On statute of frauds, Appellant cited: Chase v. Hinckley, (Wis.) 110 Am. State Reports 896; White v. Fitts, (Me.) 120

Am. St. Rep. 483; 25 R. C. L. 463; Jones v. Pettigrew, 127 N. W. 538; Elliott on Contracts, Vol. 2, Cec. 1224.

(1) and (2)   To points one and two, Respondent cited: Hackett v. Straw, 33 S. D. 17; Schmidt v. 'Carpenter, 27 S. D. 412; Consand v. Bunker, 2 S. D. 294; Erickson v. Wiper, 157 N. W. 592; McLaughlin v. Wheeler, 1. S. D. 497; Prior v. Sanborn County, 12 S. D. 86; Meldrum v. Kenefick, 15 S. D. 370; Henry et al. v. Hilliard et al., 49 L. R. A. 1.

POLLEY, J.  Plaintiff was employed by defendant to act as superintendent of defendant's stone quarry.  Plaintiff assumed his duties as such superintendent on the 1st day of April, 1920, and continued in such employ until the 30th day of November of said year, when he was discharged by defendant because of alleged incapacity to operate said quarry.  Plaintiff, claiming that he had entered into a valid contract for a year's service, and that he had been wrongfully discharged, brought this action to recover on the contract as he claimed it was, from the 1st of December, 1920, to the 1st of April, 1921.  Verdict and judgment were for plaintiff, and defendant appeals.

The uncontroverted evidence shows that plaintiff and one Sloan, general manager of the defendant company, met in Chicago during the month of February, 1920, and that they made an oral agreement whereby plaintiff was to go to Soiux Falls and take charge of a stone quarry for defendant.  Plaintiff claims, and so testified at the trial, that the agreement was that he was to work for a period of one year from the 1st day of April, and that he was to be paid the sum of $4,000 per year to be paid in equal semimonthly payments, and that he was to have a bonus of $1,000 at the end of the year.  He further claims that after his discharge he endeavored to find similar employment in the vicinity but was unable to do so.  Sloan claims, and testified at the trial, that he hired plaintiff for $300 per month and no more; that nothing was said about how long the employment was to continue; and that nothing whatever was said about a bonus of any amount.

Numerous errors are argued in this court by appellant, but it is contended by respondent that the matters now presented were either not properly submitted to or passed upon by the trial court; or are not properly submitted to this court.  After an examination

of the record before us we are inclined to agree with respondent's criticism in regard to the greater number of appellant's assignments. But there are two of such assignments that are presented in such a way as to require our consideration.

[1] The first of these goes to the validity of the contract on which respondent bases his cause of action. It is contended by appellant that the contract claimed by respondent was an agreement, which by its terms could not be performed within one year after it was made, and therefore was invalid under the provisions of section 855, Code 1919. Defendant in its answer denied the making of the contract as alleged by respondent, but it did not demur to the complaint, nor object to the admission of oral evidence of the contract, nor move to strike out such evidence, nor move for a directed verdict, nor in any manner raise the question of the statute of frauds, as it should have done, until it came time to settle the instructions, when appellant requested an instruction which contained this statement:

"And it is further claimed by the defendant that it had no contract with the plaintiff in regard to a bonus of $1,000.00 or any other sum, and that the contract was an oral one not to be performed within one year and is therefore invalid."

Said instruction concluded as follows:

"If the contract was an oral one, for more than one year, the plaintiff cannot recover."

[2-4] This instruction was refused, and properly so. Said instruction covers nearly four pages of the printed record, and is made up of statements of fact and law, many of which were so contradictory and inconsistent that it would have been wholly improper to have given it to the jury. But this question was presented to the trial court by a proper specification of error on the motion for a new trial. The trial court evidently adopted respondent's view to the effect that it was then too late and refused to consider the question. Respondent now takes the position that the question not having been properly before the trial court and not having been considered by that court, it cannot now be reviewed by this court. Of course, if the question was not properly before the trial court, we have no right to review now; but we are of the opinion that it was properly before that court, and that it is now our duty to consider it.

[5-8]    Appellant, by failing to raise this question during the trial, should not be estopped from raising it on the motion for a new trial.    Appellant denied the making of the contract set up in respondent's complaint.    This cast upon respondent the burden of proving the contract, and proving it by evidence that is competent under the law.    Section 855 does not purport to prohibit the making of a contract that by its terms is not to be performed within one year, but merely makes such contract invalid unless reduced to writing.    This makes the writing the only competent evidence of the contract, and where the absence of any competent evidence to support plaintiff's cause of action is presented to the trial court as a ground for a new trial, it is the duty of the trial court to consider and determine such question. One phase of this question, as well as the distinction between statutes that make these contracts invalid unless reduced to writing, and statutes which make such contracts unenforceable only, was discussed at length by this court in Jones v. Pettigrew, 25 S. D.  432, 127 N. W. 538.    We are in full accord with what is said in that case.

[9]    It is conceded that the contract in this case was oral, and it is self-evident that it was not to be, and by its terms could not be, performed within one year after it was made.    This brings the case squarely within the provisions of section 855, Code 1919, and the only question to be determined is what effect, if any, is to be given to the partial performance of the contract.    Lampert Lumber Co. v. Pexa, 44 S. D. 382, 184 N. W. 207, was a case based on an oral contract for personal service that could not be performed within a year after the contract was made.    In that case defendant Pexa claimed he had a contract for a year's service at a specified salary and with a bonus at the end of the year.    He had authority to check against the plaintiff's account in the bank, and paid his own salary.    He worked till the end of the year, when he drew out his full salary, and the bonus amounting to $300 as well.    Plaintiff, claiming that the contract did not provide for a bonus, sued Pexa to recover the same.    In that case we held that both parties having fully performed the contract, Pexa was entitled to payment according to the terms of the contract as actually made, and that what the terms of the contract really were was a question of fact for the jury.    In this case the contract, as claimed

by respondent, was not fully performed, therefore what is said in the Pexa Case is not controlling in this.

[10, 11] Appellant voluntarily paid respondent his full salary for all the time he worked, and under the rule announced in the Pexa Case would not be allowed to recover any part of the money so paid, on the ground that the contract was invalid. But to recover for the time he did not work, and the bonus he claimed would have been due him at the end of the year, respondent must rely strictly upon the terms of the alleged contract; but since the contract is invalid under the statute he is not entitled to recover at all.

The difference in the terms of the contract as testified to by respondent and the said Sloan is too great to be accounted for on the ground of an honest mistake on the part of either of them. One or the other of them testified falsely. It was to prevent such testimony that the statute was enacted, and the situation presented by this case emphasizes the wisdom of the law.

The judgment and order appealed from are reversed.

DILLON, J., not sitting.

Note—Reported in 201 N. W. 555. See, Headnote (1), American Key-Numbered Digest, Frauds, statute of, Key-No. 144, 27 C. J. Secs. 452, 454, 456; (2) Trial, Key-No. 261, 38 Cyc. 1707; (3) Appeal and error, Key-No. 169, 3 C. J. Sec. 580; (4) Appeal and error, Key-No. 230, 3 C. J. Sec. 638; (5) New trial, Key-No. 26, 39 Cyc. 792 (1926 Anno.); (6) Contracts, Key-No. 28(1), 13 C. J. Sec. 927; (7) Frauds, statute of, Key-No. 44(1), 27 C. J. Sec. 90; (8) New trial, Key-No. 159, 29 Cyc. 1008; (9) Frauds, statute of, Key-No. 53, 27 C. J. Sec. 91; (10) Frauds, statute of, Key-No. 138(2), 27 C. J. Sec. 438; (11) Frauds, statute of, Key-No. 138(4), 27 C. J. Sec. 441.

On Rev. Code 1919, Sec. 855, see Annotations Kerr's Cyc. Code 1920, Civ. Code, Sec. 1624.