**Maynard SWEE and Marilyn Swee, Plaintiffs, Appellants and Cross-Respondents,**

v.

**MYRL & ROY'S PAVING, INC., a domestic corporation, Defendant, Respondent and Cross-Appellant.**

**Nos. 12554, 12561.**

Supreme Court of South Dakota.

Argued March 21, 1979.
Decided Sept. 26, 1979.

N. Dean Nasser, Jr., of Gridley, Nasser & Arneson, Sioux Falls, for plaintiffs, appellants and cross-respondents.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, with Carleton R. Hoy, Sioux Falls, on brief, for defendant, respondent and cross-appellant.

WOLLMAN, Chief Justice.

In appeal # 12554, appellants Maynard Swee and Marilyn Swee contend that the trial court erred in denying their motion for new trial.* We affirm. In appeal # 12561, respondent and cross-appellant Myrl & Roy's Paving, Inc., contends that the trial court erred in failing to direct a verdict in its favor. We reverse and remand with directions that appellants' complaint be dismissed.

On July 3, 1975, appellant Maynard Swee (appellant) was injured when he fell some ten or eleven feet to the bottom of an excavation as he was attempting to step onto a scaffold affixed to a building that his employer, Golden Rule Construction Company (Golden Rule), was working on in Sioux Falls. The excavation had been dug by respondent at the request of Golden Rule. The purpose of the excavation was to permit Golden Rule to work on the existing foundation wall and foundation underpinnings of the building. The dirt walls of the excavation were dug at a ninety-degree angle to the level of the surrounding grade.

There was testimony that it is a practice in the construction industry to slope the banks of excavations of this nature in order to forestall the possibility of a sudden cave-in. Included in the instructions given to the jury was a table contained within a regulation promulgated by the United States Department of Labor illustrating the angles of back-sloping required for different types of materials. For example, the banks of an excavation in well-rounded loose sand are to be sloped at an angle of approximately twenty-six degrees, whereas the banks of an excavation into solid rock, shale or cemented sand and gravel may be dug at an angle of ninety degrees. Appellant himself testified that "If you are working in granite you can go straight down because there is not the danger of it collapsing or falling."

Assuming that respondent owed a duty of care to appellant and that it was negligent in failing to back-slope the walls of the excavation (we pass over the question whether respondent's duty of care, if any, was effectively terminated when it was ordered by an employee of Golden Rule to cease back-sloping the sides of the excavation), respondent's failure to back-slope the banks was not demonstrated to be the proximate cause of appellant's fall and resulting injuries. There is no record evidence that appellant's fall was caused by any crumbling, shifting, or caving of the wall of the excavation where he was attempting to step onto the scaffold. Indeed, the wall might as well have been made of the granite appellant spoke of in his testimony as far as the cause of appellant's fall is concerned. Appellant himself testified: "I don't know whether my footing gave

way or whatever, I don't recall." Appellant offered no other evidence concerning the cause of his fall, and thus he cannot claim a version of the facts more favorable to his position than he gave in his own testimony. *Miller v. Stevens,* 63 S.D. 10, 256 N.W. 152 (1934). In short, respondent's conduct was not shown to have caused appellant's harm. W. Prosser, Law of Torts § 41 (4th Ed. 1971).

The order denying appellants' motion for new trial is affirmed. The judgment entered on the jury verdict is reversed and the matter is remanded to the circuit court with directions to dismiss appellants' complaint.

All the Justices concur.