Al TRANBY and Steven Long,
Plaintiffs and Appellants,

v.

Kevin BRODOCK, Defendant
and Appellee.

No. 13958.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1983.

Decided April 25, 1984.

Rehearing Denied June 4, 1984.

N. Dean Nasser, Jr., P.C., Sioux Falls, for plaintiffs and appellants.

Francis M. Smith of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for defendant and appellee.

EVANS, Circuit Judge.

This is a guest statute case. The trial court granted defendant's motion for summary judgment, having determined that there was no genuine issue as to any material facts and that plaintiff Long was a guest in defendant's vehicle and that defendant had not been guilty of willful and wanton misconduct in the operation of his vehicle. We affirm.

Our review of summary judgments are governed by the standards set forth in *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968).

The facts herein will be set forth in the light most favorable to plaintiff, the non-moving party. This automobile accident occurred on November 8th, 1975. Plaintiff Al Tranby is the stepfather of Steven Long. Plaintiff Long (hereinafter referred to as plaintiff) and defendant were juniors in high school and had been the best of friends for a long time. Each owned a car, and they regularly drove around together in one car. On previous occasions when one would drive the other at times would contribute gas or money for gas depending upon who had money on a given occasion. Defendant had called plaintiff during the afternoon of the day of the accident to see if he wanted to go riding around and picked up plaintiff about 6:30 that evening. They drove to a liquor store, where defendant contributed his share of money and plaintiff purchased two six packs of beer. (Plaintiff would normally be the one to purchase beer because he looked older and more mature than defendant and could usually obtain the beer.) They then drove out into the country, came back to Sioux Falls about 8:30 and picked up a friend. They stopped at another liquor store where plaintiff purchased two more six packs of beer, with all three contributing fairly equal to its purchase. The three drove to a

girlfriend's house, staying about an hour, and then left to drive in the country again. While they were driving on a gravel road, an accident occurred about 10:45 or 11:00, wherein plaintiff was injured. All plaintiff recalls about the accident is that the road was fairly straight and level and dry, he had looked at the speedometer and had seen that defendant was traveling 60 miles per hour, that he had said to defendant "to slow down a bit," that he then looked forward, and that he does not remember anything further until after the accident. Plaintiff's evidence would show that defendant had had four beers during the first drive in the country, two at the girlfriend's house, and one later.

SDCL 32–34–1 provides:

No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought.*

In order to exclude a passenger from the operation of the guest statute, one of two elements is necessary: (1) The driver must receive some benefit from transportation, either alone or in common with his rider, and such benefit must be sufficiently real, tangible, and substantial to serve as an inducing cause of the transportation so as to operate to completely overshadow any considerations of mere hospitality growing out of the friendship or relationship, or (2) the accident and injury must have been caused by the willful or wanton misconduct of the owner or operator of the vehicle. *Lukens v. Zavadil,* 281 N.W.2d 78 (S.D.1979).

The first issue is whether plaintiff was a guest in defendant's automobile.

Generally, sharing of costs of operating an automobile or other expenses does not transform into a paying passenger one who without the exchange would be a guest. But where the owner or operator insists upon a prearrangement indicating that transportation is given conditioned upon a contribution towards expenses of a trip, the provisions thus made will preclude the host-guest relationship notwithstanding the trip may have a social aspect. Vague, incidental or speculative benefits are not sufficient to take an occupant out of the guest statute. *Boyd v. Alguire,* 82 S.D. 684, 153 N.W.2d 192 (1967). Recreation or enjoyment in which all parties share is not sufficient compensation. *Robe v. Ager,* 80 S.D. 597, 129 N.W.2d 47 (1964). In *Boyd, supra,* there was a prearrangement that the transportation would be given to the plaintiff conditioned upon the plaintiff's contribution in sharing the gas expense or paying fifty cents. This agreement was held to be sufficient enough to preclude the host-guest relationship.

In *Lukens, supra,* an otherwise guest was found to be a paying passenger even where there was not any express agreement for sharing expenses. The driver in that case said she needed to fill the car with gasoline and each passenger gave her a dollar and the plaintiff testified that she felt that if she did not pay the money the driver would not be able to drive to the destination.

The consideration to the driver need not be monetary. For example, where a father took his adult son to a cattle sale because he wanted him to look at some cattle, the relationship was held to be other than host-guest. *Kleinhesselink v. Porterfield,* 76 S.D. 577, 83 N.W.2d 191 (1957).

In this case, plaintiff did not contribute to any gas purchased by defendant, and there was no expressed agreement for the sharing of any other expenses on this trip. There was no business or commercial purpose to the trip and no destination. Plaintiff was not compelled to purchase

---

* This statute was repealed by 1978 S.D.Sess.Laws ch. 240, § 1, effective July 1, 1978.

any beer, and his riding in the vehicle was not conditioned upon his buying any beer for the parties. The beer was purchased out of a sense of friendship and not as compensation for transportation. The parties had paid for the beer fairly equally and consumed it fairly equally. Accordingly, we hold that the trial court was correct in determining that there were not sufficient facts alleged from which it could be found that plaintiff was other than a guest in defendant's automobile.

The second issue is whether there is any material issue of fact regarding the nature of defendant's operation of the motor vehicle. Plaintiff claims that defendant was guilty of willful and wanton misconduct in driving after having consumed that quantity of beer, being on a gravel road at night while there was a light mist, traveling in excess of the lawful speed limit with balding tires on his vehicle, and not slowing down a bit when asked to do so. Defendant claims that as he came over a slight rise he saw two deer in the roadway approximately fifty feet in front of him, that he had a split second in which to decide whether to step on his brakes or attempt to drive around the deer and that he attempted to drive on the shoulder, eventually losing control of his vehicle. The officer investigating the accident looked for and could not find any deer tracks, but because of the road condition, tracks may not have been visible. Plaintiff claims that defendant's decision to avoid damage to his car rather than hitting the deer constituted willful and wanton misconduct.

■■■■ Willful and wanton misconduct means something more than negligence. It describes conduct which transcends negligence and is different in kind and characteristics. It is conduct which partakes to some appreciable extent, though not entirely, of the nature of a deliberate and intentional wrong. There must be facts that would show that defendant intentionally did something in the operation of the motor vehicle which he should not have done or intentionally failed to do something which he should have done under the circumstanc-

es that it can be said that he consciously realized that his conduct would in all probability, as distinguished from possibility, produce the precise result which it did produce and would bring harm to plaintiff. Willful and wanton misconduct demonstrates an affirmative, reckless state of mind or deliberate recklessness on the part of the defendant. Such state of mind is determined by an objective standard rather than the subjective state of mind of the defendant. *Brewer v. Mattern,* 85 S.D. 356, 182 N.W.2d 327 (1970); *Chernotik v. Schrank,* 76 S.D. 374, 79 N.W.2d 4 (1956).

■■■ Plaintiff acknowledges that he had as much beer to drink as did defendant, that while he could feel the beer it did not affect him, that the beer did not appear to affect defendant's driving, that defendant had never exceeded 60 miles per hour previous to plaintiff's statement to defendant about going 60 miles per hour and to slow down a bit, and that there was no other complaint about his driving. The speed limit was 50 or 55 on an open, straight and fairly level road. There was no showing that the fact that the car may have had balding tires had any effect in causing the accident. The facts in this case are far apart from those that deal with giving a passenger a "thrill ride" or disregarding warnings of obviously hazardous circumstances. *See, e.g., Brewer v. Mattern, supra; Wentzel v. Huebner,* 78 S.D. 481, 104 N.W.2d 695 (1960); *Allen v. McLain,* 74 S.D. 646, 58 N.W.2d 232 (1953).

This case is distinguished from *Lukens, supra,* where the defendant driver had had limited driving experience. She continued to drive 50 miles per hour late at night on a strange road in the rain, notwithstanding the fact that she had had to stop several times to repair her windshield wipers, which at best were causing her windshield to streak and glare. Moreover, the defendant had become so drowsy that she fell asleep at the wheel at least once before colliding head-on with an oncoming vehicle while she was in the wrong lane of travel.

In this case there is no evidence of deliberate recklessness or reckless attitude. In

a word, there is no evidence from which a jury could find that defendant's conduct was of such a nature that in all probability, as distinguished from possibility, an accident would occur.

We affirm the trial court's finding that as a matter of law there was no genuine material issue of fact as to whether the accident was caused by the willful and wanton misconduct of defendant.

The summary judgment is affirmed.

WOLLMAN, DUNN, MORGAN, and HENDERSON, JJ., concur.

EVANS, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

