**Rex LALLEY, Plaintiff and Appellant,**

v.

**SAFWAY STEEL SCAFFOLDS, INC., and St. Joseph's Cathedral, a non-profit organization, Defendants and Appellees.**

**Nos. 14571, 14575 and 14580.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 9, 1985.

Decided March 13, 1985.

Craig B. Sewell, Sioux Falls, for plaintiff and appellant.

Richard O. Gregerson, Sioux Falls, for appellee Safway Steel Scaffolds, Inc.

Michael. L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellee St. Joseph's Cathedral.

FOSHEIM, Chief Justice.

This appeal is from an order granting summary judgment to defendants Safway Steel Scaffolds, Inc. (Safway) and Saint Joseph's Cathedral (Church). By Notice of Review, defendants dispute the trial court's refusal to dismiss the case for failure to prosecute. We affirm.

Plaintiff brought this action for personal injuries resulting when he fell from a scaffold at the Church's grade school gymnasium. He alleges that Safway was negligent because it provided scaffolding which was unsafe for its intended purpose and that Church failed to provide and maintain safe working conditions for the volunteers who provided lighting.

Plaintiff was a worker for the Church's Home and School society, which is an organization of volunteers. On February 17, 1980, and on the four previous evenings, the Home and School society had been conducting a play or variety show in the school gymnasium. Plaintiff had been responsible for the stage spotlight at all performances. That spotlight was mounted on a scaffold rented from the defendant Safway. The scaffold provided an elevated platform, 13 to 16 feet high, for lighting.

In pre-trial discovery, plaintiff testified he was up and down the scaffold about 35 times during the several performances without problem. He had performed this lighting task for approximately six years. This was the third or fourth straight year that the Home and School Society had used the same type of scaffolding upon which to mount the spotlight. He admitted that he had been up and down similar scaffolds some two hundred times in the past. Plaintiff also testified that he was aware that scaffolding would tip if there was an undue imbalance of weight or if sufficient pressure was placed on one side.

Plaintiff testified that he was not involved in erecting the scaffolding used in 1980, but that he had personally erected scaffolds in prior years which were no different from the one erected the year of the accident. Plaintiff fell when the scaffold started to tip or wobble while he was removing part of the spotlight, which weighed 25 to 30 pounds. At that time, plaintiff was standing on the side of the scaffold with the spotlight. He testified he had never before known the scaffolding to tip, but had known it to sway or move. When the scaffolding began to tip, plaintiff jumped to the floor of the gymnasium. The fall resulted in serious injury to his heel. The scaffolding, however, did not tip over. Plaintiff testified that he did not know why the scaffolding began to wobble on this occasion but offered no other evidence explaining his fall. *Compare, Swee v. Myrl & Roy's Paving, Inc.*, 283 N.W.2d 570 (S.D.1979).

It appears that the summary judgment was granted primarily on the testimony of the plaintiff. The trial court could, and apparently did, conclude from that testimony that the scaffolding, as erected, was reasonably safe for the purpose used and that the unfortunate injury was caused by the manner Mr. Lalley was using it.

This Court recognized in *Hunt v. Briggs*, 267 N.W.2d 566 (S.D.1978), that the non-moving party to a summary judgment may not rest upon the pleadings, but must present a response that sets forth specific facts through affidavit or other means of discovery which shows that a genuine issue of fact exists. SDCL 15–6–56(e).

We have also noted that summary judgment is generally not feasible in negligence cases because the standard of the reasonable man must be applied to conflicting testimony. *Myers v. Lennox Co-op Assn.*, 307 N.W.2d 863 (S.D.1981); *see also, Wolf v. Graber*, 303 N.W.2d 364 (S.D.1981); *Hurney v. Locke*, 308 N.W.2d 764 (S.D. 1981); *Hunt v. Briggs*, 267 N.W.2d 566

(S.D.1978); *Stenholtz v. Modica,* 264 N.W.2d 514 (S.D.1978). Issues of negligence and related issues of wanton misconduct, assumption of the risk or contributory negligence are generally not susceptible to summary adjudication. *Myers, supra* at 864. However, no such related issues emerge if the undisputed testimony shows no negligence on the part of the defendants. *Wilson v. Great Northern Railway Company,* 83 S.D. 207, 157 N.W.2d 19 (1968); *Compare, Tranby v. Brodock,* 348 N.W.2d 458 (S.D.1984); *Ruple v. Weinaug,* 328 N.W.2d 857 (S.D.1983). We also held in *Wilson* that when the facts are not in dispute, the standards of conduct are for the court to determine. *Wilson, supra; Tranby, supra; Myers, supra.* In this case, summary judgment is appropriate and available because the facts are conceded or demonstrated.

■ Plaintiff cannot claim a version of the facts more favorable to his position than he gave in his own testimony. *Swee, supra; Myers, supra.* It follows that a party who has testified to the facts cannot now claim a material issue of fact which assumes a conclusion contrary to his own testimony.

Appellant's argument based on *res ipsa loquitur* has also been reviewed and found to be without merit.

■ The Court did not err in granting the defendants summary judgment. In view of that conclusion, we do not reach the issue raised on defendant's Notice of Review.

We affirm the summary judgment.

WOLLMAN and MORGAN, JJ., and WUEST, Circuit Judge, Acting as a Supreme Court Justice, concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

Recently, in my concurring in part, dissenting in part opinion in *Martin v. Martin,* 358 N.W.2d 793, 802 (S.D.1984), I indicated that a party is bound by their testimony. It was very relevant to the issue at hand. I cited 30 Am.Jur.2d *Evidence*

§ 1087 (1967) and *Miller v. Stevens,* 63 S.D. 10, 256 N.W. 152 (1934). In *Martin,* the wife testified that she did not foresee any future medical needs; therefore, she was not physically restricted from employment and she was bound by her testimony. Her case should not have been able to rise above her testimony. In *Connelly v. Sherwood,* 268 N.W.2d 140, 141 (S.D.1978), we expressed that "[i]t is settled law in South Dakota that a party to a lawsuit cannot claim the benefit of a version of relevant facts more favorable to his own contentions than he has given in his own testimony." Here, the scaffolding did not collapse per plaintiff's own testimony; rather, it wobbled or tipped when the light fixture was moved to the top of the scaffolding. We have no suggestion in the record that there was any geophysical defect in the scaffolding and plaintiff's own version of the facts is that he has no information of any problem with the erection of the scaffolding. Moreover, plaintiff testified he did not fall but, rather, he jumped. Thus, his cause of action cannot rise above his own testimony. Estopped is his counsel from raising a material issue of fact advocating a conclusion to the contrary.