**Patricia TROVESE, Plaintiff and Appellant.**

v.

**Thomas O'MEARA, Pat Miller, and Jim Tobin, individually, and d/b/a United Food, Inc., a South Dakota corporation, Defendants and Appellees.**

No. 17823.

Supreme Court of South Dakota.

Considered on Briefs Oct. 5, 1992.

Decided Dec. 2, 1992.

Stan H. Anker, Rapid City, for plaintiff and appellant.

Jane Wipf Pfeifle of Lynn, Jackson, Shultz & Lebrun Rapid City, for defendants and appellees.

1. Both stores are owned by United Food, Inc. The sole stockholders of United Food, Inc. are

SABERS, Justice.

Patricia Trovese sued defendants for breach of employment contract and wrongful termination. The trial court found the oral employment contract unenforceable under the Statute of Frauds and dismissed. Trovese appeals. We affirm.

FACTS

On Saturday, August 11, 1990, Thomas O'Meara and Trovese met to discuss possible employment of Trovese as a manager of Lee's Famous Recipe Chicken (Lee's Chicken), a fast-food franchise with two stores in Rapid City, S.D.[1] The following day, Sunday, August 12, O'Meara, Miller and Trovese met at Trovese's home. Trovese indicated she had secure employment and could not afford to be out of work. At this time, an oral agreement regarding the employment of Trovese was reached. Under the terms of the agreement, Trovese was to commence employment on August 20, 1990 at an annual salary of $22,000.00, payable in equal weekly payments. According to her deposition testimony, she was guaranteed employment for a minimum of one year. Trovese was promised additional perks, including a bonus, if she successfully turned around the North Street store in one year.

After providing her employer with one week's notice, Trovese began training on Monday, August 20. On Friday, August 24, 1990, O'Meara asked her to review a page in a spiral notebook regarding the terms of her employment. The handwritten note provided for a weekly salary of $350.00 which increased to $423.00 after 26 weeks. In order to arrive at the promised annual salary of $22,000.00, the note indicated that a "balloon payment" of $1,902.00 was to be made to Trovese at the end of the first year. Trovese was upset by these terms and indicated to O'Meara that they were not in accord with the oral agreement.

O'Meara, Pat Miller and Jim Tobin.

Trovese was scheduled to work at 4 p.m. on Sunday, August 26, but did not report to work. On Monday, August 27, Miller informed Trovese that she was discharged because she had failed to report to work as scheduled.

Trovese commenced this action seeking damages for breach of employment contract and wrongful termination. A motion to dismiss was granted on the ground that the oral contract could not be performed within a year from its making and was barred by the Statute of Frauds.

Trovese states the issue as:

Whether the trial court erred in granting defendant's motion to dismiss on the basis of the Statute of Frauds.

## DECISION

The oral contract of employment was made on August 12, 1990. Trovese began her duties on August 20, 1990. According to her own testimony, she was given *one* year from the time she began her duties in which to "turn the operation around." Because the time period encompassed a *minimum* of one year and one week, the oral contract could not be performed within a year from its making and is within the Statute of Frauds.

SDCL 53-8-2 provides in part:

The following contracts are not enforceable by action unless the contract or some memorandum thereof is in writing and subscribed by the party to be charged or his agent, as authorized in writing:

(1) An agreement that by its terms is not to be performed within a year from the making thereof. . . .

This court addressed the validity of an oral employment contract incapable of performance within one year in *Brown v. Wisconsin Granite Co.*, 47 S.D. 635, 201 N.W. 555 (1924). *Brown* stated "[i]t is conceded that the contract in this case was oral, and it is self-evident that it was not to be, and by its terms could not be, performed within one year after it was made. This brings the case squarely within the provisions of section 855, Code 1919[.]" *Id.*, 201 N.W. at 557. *Brown* further noted that section 855, Code 1919, the statutory predecessor to SDCL 53-8-2(1), did "not purport to prohibit the making of a contract that by its terms is not to be performed within one year, but merely makes such contract invalid unless reduced to writing." *Id.*, 201 N.W.2d at 556.

It is clear that *Brown* is controlling.[2] Under these circumstances, this oral contract "could not be performed within one year after it was made" thereby bringing it squarely within the prohibition of the Statute of Frauds. SDCL 53-8-2(1). The contract was therefore unenforceable and Trovese is not entitled to recover for breach of employment contract and wrongful termination.[3] Consequently, we must affirm.

2. Trovese attempts to distinguish *Brown* from the facts before us. Trovese now claims that, while the contract of employment entered into in *Brown* was for a specific term of employment (one year), her agreement was for an indefinite term of employment. According to her own testimony, however, she was given one year in which to turn around the store at a salary of $22,000.00. While she may have been hoping for continued employment beyond the first year, this did not transfer the oral contract into an employment agreement for an indefinite term. As noted in *Lalley v. Safway Steel Scaffolds, Inc.*, 364 N.W.2d 139 (S.D.1985), "a party who has testified to the facts cannot now claim a material issue of fact which assumes a conclusion contrary to his own testimony." 364 N.W.2d at 141.

3. Trovese has argued forcefully, if not persuasively, for a narrow and literal interpretation of the Statute of Frauds. Under such an interpretation, the Statute would only be applied "to those contracts whose performance could not possibly or conceivably be completed within one year." *Hodge v. Evans Financial Corp.*, 823 F.2d 559, 561 (D.C.Cir.1987). "The statute of frauds is thus inapplicable if, at the time the contract is formed, any contingent event could complete the terms of the contract within one year." *Hodge*, 823 F.2d at 561-62 (citations omitted).

Trovese argues, under this theory, that the oral contract is not within the statute because it is capable of performance within one year if she were to die during the course of that year. The contract, however, did not:

[P]rovide for indefinite, lifetime or permanent employment. Under the conventional view of the statute, an oral employment contract for a stated, definite term of years ex-

MILLER, C.J., and WUEST, HENDERSON and AMUNDSON, JJ., concur.

ceeding one year ... is unenforceable on the rationale that the employee's possible death within one year would "defeat" rather than "complete" the express terms of the contract. *Hodge*, 823 F.2d at 563.

An argument could be made that she could have turned the North Street store around in less than a year which would have substantially performed the oral agreement within the year. Even this argument is insufficient to take this agreement outside the Statute of Frauds. As we noted, Trovese's oral contract could not be performed within one year from the making because the time period encompassed one year and one week.